## No. 79SA248

**Christina Tara Smith v. Charles R. Casey, Judge, and The District Court for the Second Judicial District**

(601 P.2d 632)

Decided October 15, 1979.

Robert Bugdanowitz, P.C., Craig A. Murdock, for petitioner.

Bernick and Moch, Richard J. Bernick, Jimmie D. Mills, for respondents.

*En Banc.*

JUSTICE ERICKSON delivered the opinion of the Court.

In this original proceeding, the petitioner, Christina Tara Smith, requests that this Court issue a writ of prohibition directing the respondent district court to not proceed further in the determination of the paternity of petitioner's minor child. She also asks this Court to prohibit the respondent court from enforcing an order that petitioner and the minor child submit to blood tests to produce evidence relating to paternity of the child. We issued a rule to show cause, and for the reasons set forth in this

opinion, now make that rule absolute.

The petitioner's husband, Douglas Edward Smith, filed suit for dissolution of marriage on August 11, 1978, in the District Court for the City and County of Denver. She was served with notice of the proceedings at her home in Louisiana, her state of domicile. The petitioner's minor child, also domiciled in Louisiana, was neither named as a party nor served with notice of the action.

Through her attorney, the petitioner filed a Motion for Orders on December 6, 1978, requesting, *inter alia,* an order assigning all matters to a division of the District Court for the City and County of Denver, and an order denying a dissolution decree. Later, on April 24, 1979, the petitioner moved for dismissal of the action based on the court's lack of *in personam* jurisdiction.

In her Motion for Orders, the petitioner averred that a child was born as issue of the marriage. The husband subsequently filed a motion for blood tests to establish paternity pursuant to section 13-25-126, C.R.S. 1973. At a hearing on that motion, held on May 23, 1979, the district court denied the wife's motion for dismissal based on a lack of *in personam* jurisdiction and entered an order directing the parties and the child to submit to blood tests.

The petitioner raises several arguments in support of her request for a writ of prohibition, including an allegation that the District Court for the City and County of Denver does not have subject matter jurisdiction to hear issues relating to paternity, and that a prior proceeding in her home state of Louisiana bars the present action. The petitioner also asserts that the child is not subject to the court's *in personam* jurisdiction and, consequently, that all orders relating to the child's paternity must be dismissed for lack of an indispensible party. Because we have concluded that resolution of petitioner's jurisdictional argument is dispositive of this case, we do not address any other issue.

When a paternity issue is raised in conjunction with a determination of child support under the Uniform Dissolution of Marriage Act, the court must first determine whether the party to be charged owes a duty of support to the child. Section 14-10-115, C.R.S 1973. That determination must be made according to the procedures outlined under the Uniform Parentage Act, section 19-6-101, *et seq.,* C.R.S. 1973 (1978 Repl. Vol. 8).

Section 19-6-110, C.R.S. 1973 of the Uniform Parentage Act requires that the child shall be made a party to the paternity action. In this case the child has not been named a party, and has not formally made an appearance before the district court. Consequently, unless the child can be made a party to this proceeding, the trial court is without jurisdiction to resolve any matters pertaining to the paternity suit. *See Viernes v. District Court,* 181 Colo 34, 509 P.2d 306 (1973).

Based on the limited record before us, the trial court does not have *in personam* jurisdiction over the child. The test to be applied is whether the child has certain minimum contacts so that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Where there are no contacts, the state may not act. *Hanson v. Denkla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). *See also Viernes v. District Court, supra.* Here, the child has never been in the state of Colorado and has no contact with Colorado other than that his purported father filed suit for dissolution of marriage in Colorado.

Accordingly, since the child is an indispensible party under the Uniform Parentage Act, the district court cannot proceed further in addressing the paternity issue in the dissolution of marriage proceeding. Section 19-6-110, C.R.S. 1973.

The rule is made absolute.