In re the MARRIAGE OF Susan Sinclair BURKEY, Petitioner-Appellee,

and

J. Brent Burkey, Respondent-Appellant.

No. 83CA0701.

Colorado Court of Appeals,
Div. III.

Sept. 6, 1984.

Susan Sinclair Burkey, pro se.

Harshman, Deister, Larson & McBee, T.J. Harshman, Grand Junction, for respondent-appellant.

Stephen A. Hodge, Grand Junction, Guardian Ad Litem.

METZGER, Judge.

The major issue in this appeal is whether a trial court's determination of paternity in a dissolution of marriage action is valid when, although requested to do so, it failed to follow any of the procedures outlined in the Uniform Parentage Act (U.P.A.), § 19–6–101, et seq., C.R.S. (1978 Repl.Vol. 8). We conclude that such a paternity order is void, and reverse.

In her petition for dissolution of marriage, filed in September 1979, Susan Sinclair Burkey (petitioner) alleged that her son was the issue of a common-law marriage to J. Brent Burkey (respondent). Respondent's initial response admitted the allegation of parentage, denied the existence of a marriage, and requested custody of the child.

Prior to entry of any order, in January 1980, petitioner then amended her petition, requesting that the court determine the existence of a parent-child relationship as to respondent pursuant to the U.P.A. In his amended response, filed in January 1980, respondent joined in this request.

In February 1980, the trial court ordered respondent to pay temporary child support for the child, without making a determination of parentage. After a permanent orders hearing, the trial court found that no common-law marriage existed between petitioner and respondent, determined that respondent was the child's natural father, and awarded custody of the child to petitioner. It reserved the issue of permanent child support, and no permanent support order has been entered.

Although it is undisputed that the trial court failed to follow any procedures mandated by the U.P.A., respondent's motion for new trial omitted any reference to the issue of parentage, and he sought no appeal.

In April 1982, respondent filed an action pursuant to the U.P.A. seeking a determination concerning the existence of a father-child relationship between himself and the child, and requested termination of child support on the grounds that there was no such relationship. This action was consolidated with the dissolution of marriage action, and, for the first time, a guardian-ad-litem was appointed to represent the child. After hearing, the trial court ruled that the issue of paternity was *res judicata* since a determination had been made at the dissolution hearing that respondent was the child's natural father. Consequently, it held that it lacked jurisdiction of the matter.

■ On appeal, respondent contends that the trial court erred in determining it lacked jurisdiction to consider the paternity issue. He asserts that, since the procedures of the U.P.A. were not followed in the dissolution action, the order finding him to be the child's natural father was void. We agree.

■ The U.P.A. mandates specific procedures to be followed whenever the issue of parentage is raised notwithstanding a party's prior admission as to paternity. Its most essential requirement is that the child be made a party to the paternity action. Section 19–6–110, C.R.S. (1978 Repl.Vol. 8). The child is an indispensable party to a paternity proceeding, and, unless he or she can be made a party, the trial court is without jurisdiction to resolve any matters pertaining to the paternity suit. *Smith v. Casey*, 198 Colo. 433, 601 P.2d 632 (1979);

*see Viernes v. District Court,* 181 Colo. 284, 509 P.2d 306 (1973).

Relying on *McNeece v. McNeece,* 39 Colo. App. 160, 562 P.2d 767 (1977), the child's guardian ad litem argues that, since the issue of parentage was decided in the dissolution proceeding and respondent failed to appeal that determination, he is estopped from raising it now. However, since *McNeese* was decided prior to adoption of the U.P.A. and to our Supreme Court's pronouncements in *Smith v. Casey, supra,* it is inapposite. Additionally, the issue of paternity in *McNeece* was not raised in the dissolution action.

Here, paternity was raised in the initial dissolution action. As well, while the trial court in the dissolution action purported to determine the paternity issue, we conclude that its order was void. Its failure to follow the requirements of the U.P.A. deprived it of jurisdiction to decide the issue of paternity.

The judgment is reversed and the cause is remanded to the trial court to conduct the necessary proceedings pursuant to the U.P.A.

VAN CISE and STERNBERG, JJ., concur.