In re the Marriage of Georgia Ann DE LA CRUZ, Appellant,

and

Hector Gonzalez, Appellee.

No. 89CA0121.

Colorado Court of Appeals, Div. II.

April 19, 1990.

Stephen H. Kaplan, City Atty., and J. Creig Coogan, Asst. City Atty., Denver, for appellant.

Hector Gonzalez, pro se.

Opinion by Judge DUBOFSKY.

The issues in this appeal are whether the trial court has jurisdiction to determine non-paternity in an action brought under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), consolidated with a dissolution of marriage action; and if so, whether its order is valid when the court failed to follow the procedures outlined in the Uniform Parentage Act (U.P.A.), § 19-4-101, et seq., C.R.S. (1989 Cum.Supp.). We determine that although jurisdiction lies in the district court, the order entered here is void for failure to follow the procedures of the U.P.A. and, therefore, reverse.

The parties' marriage was dissolved in 1974 by the District Court of the City and County of Denver. Thereafter, a RURESA action also was initiated in Denver District Court and was subsequently consolidated with the dissolution proceeding. Later, a motion to increase child support was filed on behalf of the child's mother. After a hearing on the motion, the court rejected the contention that it lacked jurisdiction and found that appellee was not the father of the child born during the parties' marriage. Therefore, it terminated his child support obligation.

I.

Appellant argues that the district court did not have concurrent jurisdiction with the juvenile court to determine parentage. We disagree.

A statute must be read and considered as a whole to determine the legislative intent and to give the statute a consistent, harmonious, and sensible effect. *See Redin v. Empire Oldsmobile, Inc.*, 746 P.2d 52 (Colo.App.1987). Also, juvenile courts are creatures of statute, *City &*

*County of Denver v. District Court,* 675 P.2d 312 (Colo.1984), and their jurisdiction does not extend beyond that established by the General Assembly. *Hamman v. County Court,* 753 P.2d 743 (Colo.1988); *see* Colo. Const. art. VI, § 15.

■ While § 19–1–104(1), C.R.S. (1989 Cum.Supp.) generally provides exclusive jurisdiction in the juvenile court over the actions enumerated therein, the clause "[e]xcept as otherwise provided by law," is an express limitation on such jurisdiction. Section 19–4–109(1), C.R.S. (1989 Cum. Supp.) provides:

"*Without limiting the jurisdiction of any other court,* the juvenile court has jurisdiction of an action brought under this article. The action may be joined with an action in another court of competent jurisdiction for dissolution of marriage, legal separation, declaration of invalidity of marriage, or support." (emphasis added)

The district court has exclusive jurisdiction in certain matters concerning children, such as dissolutions of marriage or legal separation. *See Stuckey v. Stuckey,* 768 P.2d 694 (Colo.1989). Thus, the effect of § 19–4–109(1) is to provide an alternate forum for the resolution of paternity disputes. *Cf.* § 19–1–105(4), C.R.S. (1986 Repl.Vol. 8B) (district court may have simultaneous jurisdiction but must certify the question of custody to the juvenile court if a petition involving the same child is pending or continuing jurisdiction has been previously acquired by the juvenile court).

Therefore, we reject the appellant's contention that § 19–4–109(1) allows for joinder of a parentage action in another court only after such an action has been brought in the juvenile court. *See People in the Interest of R.T.L.,* 780 P.2d 508 (Colo.1989) (a presumed father may assert the nonexistence of the father and child relationship as a defense that a duty of support exists); Colo. Const. art. VI, § 9 (district courts are courts with general jurisdiction). Hence, the district court had the authority here to determine the issue of parentage once it was raised by the presumed father.

## II.

Appellant also argues that the failure to follow the statutory requirements of the U.P.A. renders void the determination of non-paternity. We agree.

■ When a paternity issue is raised in conjunction with a determination of child support under the Uniform Dissolution of Marriage Act, the court must determine whether the party to be charged owes a duty of support according to the procedures of the U.P.A. *Smith v. Casey,* 198 Colo. 433, 601 P.2d 632 (1979). As in both *Smith v. Casey, supra,* and *In re Marriage of Burkey,* 689 P.2d 726 (Colo.App. 1984), the court failed here to follow the requirement of the U.P.A., that the child be made a party, and therefore, its order is void.

The order determining appellee is not the father of the child which terminates his child support obligation is vacated, and the cause is remanded for further proceedings including those necessary for release to the appropriate party of the child support payments made to the registry of the trial court pursuant to this court's order partially granting stay, entered February 28, 1989.

SMITH and MARQUEZ, JJ., concur.