In re the Parental Responsibilities Concerning G.E.R., a Child, and Concerning Frances K. Terrell, Petitioner–Appellant,

and

**Darrin Scott Rooks, Respondent–Appellee.**

No. 11CA0032.

Colorado Court of Appeals, Div. I.

Sept. 15, 2011.

Catherine C. Burkey, P.C., Catherine C. Burkey, Grand Junction, Colorado, for Petitioner–Appellant.

No Appearance for Respondent–Appellee.

Opinion by Chief Judge DAVIDSON.

Frances K. Terrell (mother) appeals from the district court's judgment adopting the magistrate's order dismissing her petition for paternity. We vacate and remand.

## I. Background

According to mother's brief, she and Darrin Scott Rooks (father) are the natural parents of a child, G.E.R., born out of wedlock.

In November 2009, mother petitioned for allocation of parental responsibilities under the Uniform Dissolution of Marriage Act (UDMA), section 14–10–123, C.R.S.2011. She also sought child support. As relevant here, the magistrate entered a child support order and determined the allocation of parental responsibilities between mother and father.

In June 2010, mother moved for modification of child support. Also in June 2010, mother filed a petition for paternity under the Uniform Parentage Act (UPA), sections 19–4–101 to –130, C.R.S.2011, seeking birth-related costs, court costs, and attorney fees. In her brief, mother contends that "paternity [was] not an issue here" and thus, the father and child relationship was uncontested.

At a hearing on the petition for paternity, the magistrate noted his concern that mother had a pending action under the UDMA "in which paternity [had] already been established" and that although the UDMA and UPA provided different remedies, the remedies were mutually exclusive and mother had to elect between pursuing an action under the UDMA or an action under the UPA. In a minute order, the magistrate dismissed mother's petition for paternity, finding "that there is no question of paternity" and "this case [was] a means to recover specific costs."

Mother petitioned for district court review of the magistrate's order. The district court adopted the magistrate's order, concluding:

In November 2009, [mother] had the choice of filing a Petition for Allocation of Parental Responsibilities [APR], in which action the delivery/birth expenses could not be collected, and a Petition for Paternity, in which action the birth-related costs could be recovered. [Mother] chose the APR action and fully litigated it to conclusion in 09DR1249. Now she has filed this paternity action to attempt to collect birth-related costs and attorney fees. However, the Magistrate aborted this effort, finding that there was no paternity issue to be resolved since it had been handled in the APR action.

This Court finds the Magistrate's action justified in light of the multiple actions filed by [mother]. Further, at the time the Paternity action was filed, the paternity of the child had already been acknowledged and resolved in 09DR1249. Therefore such filing was unnecessary, unwarranted, and unjustified. It also was for the sole purpose of collecting birth-related costs, which had previously been uncollectable in 09DR1249, and attorney fees, which resulted from this second unjustified filing. The magistrate's order is adopted.

Mother appeals.

## II. Analysis

### A. Standard of Review

■ A district court reviewing a magistrate's decision under C.R.M. 7(a) may not

alter the magistrate's factual findings unless clearly erroneous. C.R.M. 7(a)(9). Our review of the district court's decision is effectively a second layer of appellate review, and, like the district court, we must accept the magistrate's factual findings unless clearly erroneous. *See In re Marriage of Anthony–Guillar*, 207 P.3d 934, 936 (Colo.App.2009).

### B.  Dismissal of the UPA Action

■  The issue here is whether the magistrate could consider a request for birth-related costs under section 19–4–116, C.R.S.2011, of the UPA after it had determined the allocation of parental responsibilities and awarded child support under the UDMA. We conclude that it could and that dismissal was error.

Mother petitioned for allocation of parental responsibilities under the UDMA. The birth-related costs incurred by mother could not be awarded as a debt of the marriage under section 14–10–113, C.R.S.2011, of the UDMA because the parties were never married. *In re Custody of Garcia*, 695 P.2d 774, 775–76 (Colo.App.1984). Indeed, the court had no jurisdiction to award such costs under the UDMA because jurisdiction to do so rests exclusively under the UPA, § 19–4–116. *Id.* Thus, to recover birth-related costs, mother was required to file a petition for paternity under the UPA. § 19–4–116(3)(a), C.R.S.2011 (a court may order the father to pay the reasonable expenses of the mother's "pregnancy and confinement").

Under the UPA, mother could bring an action "[a]t any time" to obtain a judgment determining the existence of the father and child relationship. § 19–4–107(1)(a), C.R.S. 2011. That judgment may also include an order that the father pay reasonable birth-related costs. § 19–4–116(3)(a). Because we are to avoid interpreting a statute so as to render any part of it meaningless or superfluous, we cannot disregard the General Assembly's use of the phrase "at any time." *See* § 2–4–201(1)(b), C.R.S.2011. Thus, mother was not precluded from seeking birth-related costs in connection with an action to determine paternity pursuant to the UPA, even if the father and child relationship was uncontested in the action for allocation of parental responsibilities under the UDMA.

We agree with mother's contention that the magistrate erred by concluding that she had to elect between pursuing an action under the UDMA or an action under the UPA. Section 19–4–109(1), C.R.S.2011, provides that an action under the UPA may be joined with an action in another court of competent jurisdiction for child support. *In re Marriage of De La Cruz*, 791 P.2d 1254, 1256 (Colo.App.1990) ("[T]he effect of § 19–4–109(1) is to provide an alternate forum for the resolution of paternity disputes."); *see In re Marriage of Burkey*, 689 P.2d 726, 727 (Colo.App.1984) (paternity action and dissolution of marriage action consolidated). Here, mother had a pending UDMA action (motion for modification of child support) when she filed her UPA action. Although the better practice would have been to bring both actions simultaneously, and then to consolidate them pursuant to section 19–4–109(1), nevertheless, both actions could have been joined under section 19–4–109(1), and no election was required.

We recognize that one basic purpose of the UPA is to establish the father and child relationship regardless of the marital status of the parents, and that here paternity was uncontested. §§ 19–4–102, 19–4–103, C.R.S. 2011; *R. McG. v. J.W.*, 200 Colo. 345, 349, 615 P.2d 666, 669 (1980). We also acknowledge that the court, by necessary implication, determined the issue of paternity when it entered the child support order in the UDMA action. *See McNeece v. McNeece*, 39 Colo.App. 160, 163, 562 P.2d 767, 769 (1977); *see also State ex rel. Daniels v. Daniels*, 817 P.2d 632, 633 (Colo.App.1991) (the issue of paternity arises in relation to a claim for child support and is either explicitly or implicitly at issue in proceedings in which matters of child support must be addressed).

However, although paternity had been established in the UDMA action, the issue of whether mother was entitled to birth-related costs was unresolved. When the paternity of a child is "established beyond question," "the law should be liberally construed to insure the necessary help to the child and its mother, consonant with the father's ability to

pay." *People in Interest of L.W.*, 756 P.2d 392, 393 (Colo.App.1988) (citing *Davis v. People*, 103 Colo. 437, 441, 86 P.2d 975, 976 (1939)). Thus, the magistrate should have considered whether mother was entitled to birth-related costs. *See* § 19–4–116 (court may exercise discretion to determine whether to order father to pay for birth-related costs).

Because we are remanding, we decline to address mother's assertion that her equal protection rights were violated.

### C. Appellate Attorney Fees

■ Mother requests an award of appellate attorney fees under section 19–4–117, C.R.S.2011. Under the UPA, a court is required to order that the parties pay the reasonable fees of counsel and experts, and other costs of the action, in proportions and at times determined by the court. § 19–4–117. We conclude that, on remand, the court should determine an appropriate award of attorney fees and costs incurred on appeal in accordance with section 19–4–117.

The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.

NIETO *, J., concurs.

ROVIRA *, J., dissents.

Justice ROVIRA, dissenting.

I respectfully dissent. The heart of the majority opinion is its conclusion that under the UPA, mother can bring an action at any time for the purpose of establishing paternity and seeking birth related costs. In support of this position, the majority cites sections 19–4–107(1)(a) and 19–4–116(3)(a), C.R.S. 2011.

Section 19–4–107(1)(a) is prefaced by the statement that "a child [or] his natural mother ... may bring an action: (a) at any time for the purpose of declaring the existence of the father and child relationship presumed under section 19–4–105(1)(a), (1)(b), or (1)(c)," but not for birth related costs as

stated in the majority opinion. Section 19–4–116(1) provides that the judgment or order of the court determining the existence or non-existence of the parent and child relationship is determinative for all purposes. Section 19–4–116(3)(a) provides that the judgment or order may direct the father to pay for genetic testing and to pay the reasonable expenses of the mother's pregnancy and confinement.

In this case, the judgment or order referred to is the judgment or order of the court in the UDMA case. The court, contrary to the majority opinion, had the jurisdiction to order birth related costs to the father.

Because of my interpretation of sections 19–4–107(1)(a) and 19–4–116(3)(a), the court should not allow counsel fees and expert costs as ordered by the majority opinion.