Opinion by JUDGE GABRIEL
¶ 1 In this paternity action, P.W.K. (obligor) appeals the district court's judgment adopting the magistrate's order that established his paternity of three children, E.K., J.K., and P.K. As an apparent matter of first impression in Colorado, we conclude that a district court lacks jurisdiction to resolve matters in a paternity action unless each man presumed to be the children's father and each man alleged to be the children's natural father are made parties to or given notice of the action. Because the alleged biological fathers of E.K. and J.K. were not made parties to or given notice of this paternity action, we vacate the judgment for lack of subject matter jurisdiction and remand the matter to the district court for further proceedings in compliance with the Uniform Parentage Act (UPA).
I. Background
¶ 2 In 2003, the children's mother (mother) gave birth to E.K. while she was in the process of dissolving her marriage to obligor. Although mother and obligor were divorced in 2004, they later reconciled. Consequently, when mother gave birth to J.K. in November 2005, obligor agreed to be named as the father on J.K.'s birth certificate. Thereafter, mother and obligor lived together until shortly before mother gave birth to P.K. in December 2006.
¶ 3 In March 2012, the Arapahoe County Delegate Child Support Enforcement Unit (CSEU) filed a verified petition for paternity *482 and support, naming obligor as the only alleged and presumed father of the three children. At the paternity hearing, the CSEU proffered genetic testing results that excluded obligor as the biological parent of E.K. and J.K. Mother then identified by name the separate biological fathers for E.K. and J.K., and she testified that each biological father had met his respective child. Obligor did not dispute that he was P.K.'s biological parent.
¶ 4 Following the hearing, the magistrate adjudicated obligor the parent of the three children, incorrectly stating in her written order that obligor had admitted that he was their parent, and ordered him to pay child support and the costs of genetic testing. On obligor's verified motion for review, the district court upheld the magistrate's order.
¶ 5 Obligor now appeals.
II. Subject Matter Jurisdiction
¶ 6 We asked the parties to file supplemental briefs addressing whether the district court lacked subject matter jurisdiction because the alleged natural fathers of E.K. and J.K. were not made parties to or given notice of the paternity action. We conclude that the paternity judgment must be vacated because the CSEU failed to follow the statutory requirements to invoke the district court's jurisdiction.
A. Applicable Law
¶ 7 Although the parties did not raise the issue, we may consider on our own motion whether the district court lacked subject matter jurisdiction. Adams Cnty. Dep't of Soc. Servs. Child Support Enforcement Unit v. Huynh, 883 P.2d 573, 574 (Colo.App.1994).
¶ 8 Subject matter jurisdiction concerns the court's authority to decide a particular matter. People in Interest of S.E.G., 213 P.3d 1033, 1034 (Colo.App.2009). The court's authority must be properly invoked before it can act, and a judgment rendered without subject matter jurisdiction is void. Huynh, 883 P.2d at 574.
¶ 9 The UPA governs the court's jurisdiction to establish a parent-child relationship and mandates specific procedures that must be followed when a party seeks to establish paternity. See §§ 19-1-104(1)(f), 19-4-104, C.R.S.2012; In re Marriage of Burkey, 689 P.2d 726, 727 (Colo.App.1984). The failure to follow the requirements of the UPA deprives the court of jurisdiction to determine paternity. Burkey, 689 P.2d at 728.
¶ 10 Under the UPA, each man presumed to be the children's father under section 19-4-105, C.R.S.2012, and each man alleged to be the children's natural father shall be made a party to the paternity action, or if not subject to the jurisdiction of the court, shall be given notice of the action in a manner prescribed by the court and an opportunity to be heard. § 19-4-110, C.R.S.2012; In re Parental Responsibilities of A.D., 240 P.3d 488, 490 (Colo.App.2010).
¶ 11 No published Colorado appellate court decision appears to have addressed the district court's jurisdiction to establish paternity in the absence of joinder or notice to all presumed fathers and any alleged natural fathers of the children at issue. Section 19-4-110, however, formerly required that any child at issue in a paternity action be made a party to that action, see People ex rel.Orange County v. M.A.S., 962 P.2d 339, 341 (Colo.App.1998), and under that statute, our supreme court held that the failure to join the child deprived the court of subject matter jurisdiction to resolve any matters pertaining to the paternity action, Smith v. Casey , 198 Colo. 433, 435, 601 P.2d 632, 634 (1979).
¶ 12 We perceive no reason to treat the required joinder of presumed and alleged natural fathers any differently. Accordingly, we conclude that a district court lacks jurisdiction to resolve matters in a paternity action unless each man presumed to be the children's father and each man alleged to be the children's natural father are made parties to or given notice of the action. See Burkey, 689 P.2d at 728 ; see also A.S. v. M.W., 100 So.3d 1112, 1114 (Ala.Civ.App.2012) (holding that the judgment adjudicating the paternity of the children was void for failure to join a presumed father as an indispensable party); Cnty. of Dakota v. Blackwell, 809 N.W.2d 226, 230 (Minn.Ct.App.2011) (holding that the district court erred by failing to add a presumed father as a party to the paternity action when the statute required all presumptive *483 and alleged biological fathers to be joined).
B. Application
¶ 13 Here, the CSEU concedes that the alleged biological fathers of E.K. and J.K. were not made parties to or given notice of the paternity action, as required by section 19-4-110.
¶ 14 Accordingly, we conclude that the district court lacked subject matter jurisdiction to enter the paternity judgment and that the judgment is, therefore, void. See Huynh, 883 P.2d at 574. We thus vacate the judgment and remand this case to the district court to allow the CSEU to amend the petition to give notice to all presumed and alleged natural fathers of the children.
¶ 15 In light of our foregoing disposition, we need not address obligor's remaining contentions.
III. Conclusion
¶ 16 For these reasons, the judgment is vacated, and the case is remanded to the district court for a determination of paternity and support in compliance with the requirements of the UPA.
JUDGE DAILEY and JUDGE BERNARD concur.