21CA0468 Peo in Interest of WB 10-21-2021 COLORADO COURT OF APPEALS Court of Appeals No. 21CA0468 Fremont County District Court No. 19JV81 Honorable Stephen A. Groome, Judge The People of the State of Colorado, Appellee, In the Interest of W.B., a Child, and Concerning T.B., Appellant. JUDGMENT AFFIRMED Division II Opinion by JUDGE BERGER Román and Yun, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced October 21, 2021 Brenda L. Jackson, County Attorney, Nicole L. Bartell, Assistant County Attorney, Cañon City, Colorado, for Appellee Jenna L. Mazzucca, Guardian Ad Litem The Morgan Law Office, Kris P. Morgan, Colorado Springs, Colorado, for Appellant 
1 ¶ 1 T.B. (father) appeals the judgment terminating the parent-
child legal relationship with W.B. (the child). We affirm. I. Background ¶ 2 The Fremont County Department of Human Services filed a petition in dependency and neglect regarding the then-one-month-
old child. The Department alleged that father was incarcerated. ¶ 3 The juvenile court adjudicated the child dependent and neglected. The court then adopted a treatment plan for father. ¶ 4 The Department and the guardian ad litem later moved to terminate father’s parental rights. ¶ 5 Over a year after the petition was filed and following a hearing, the magistrate granted the motion. Father petitioned for district court review of the magistrate’s termination judgment. The district court affirmed the magistrate’s decision. ¶ 6 Father appeals. II. Standard of Review ¶ 7 A district court reviewing a magistrate’s decision under C.R.M. 7(a) may not alter the magistrate’s factual findings unless clearly erroneous. C.R.M. 7(a)(9). Our review of the district court’s decision is effectively a second layer of appellate review, and, like 
2 the district court, we must accept the magistrate’s factual findings unless clearly erroneous. In re Parental Responsibilities Concerning G.E.R., 264 P.3d 637, 638-39 (Colo. App. 2011). III. Termination of Parental Rights A. General Law ¶ 8 The juvenile court may terminate parental rights if it finds, by clear and convincing evidence, that (1) the child has been adjudicated dependent and neglected; (2) the parent has not complied with an appropriate, court-approved treatment plan or the plan has not been successful; (3) the parent is unfit; and (4) the parent’s conduct or condition is unlikely to change within a reasonable time. § 19-3-604(1)(c), C.R.S. 2020; People in Interest of C.H., 166 P.3d 288, 289 (Colo. App. 2007). ¶ 9 Whether a juvenile court properly terminated parental rights presents a mixed question of fact and law because it involves application of the termination statute to evidentiary facts. People in Interest of A.M. v. T.M., 2021 CO 14, ¶ 15. “We review the juvenile court’s findings of evidentiary fact — the raw, historical data underlying the controversy — for clear error and accept them if they have record support.” People in Interest of S.R.N.J-S., 2020 COA 12, 
3 ¶ 10. But we review de novo the juvenile court’s legal conclusions based on those facts — including its conclusion that the Department made reasonable efforts to rehabilitate the parent and reunify the family under section 19-3-604(2)(h). See S.R.N.J-S., ¶ 10. B. Fitness Within a Reasonable Time ¶ 10 Father contends that the juvenile court erred by finding that he could not become fit within a reasonable time. In particular, he asserts that he was not given a reasonable amount of time to comply with his treatment plan. We discern no basis for reversal. ¶ 11 An unfit parent is one whose condition or conduct renders him or her unable to give a child reasonable parental care. People in Interest of D.P., 160 P.3d 351, 353 (Colo. App. 2007). Reasonable parental care requires, at a minimum, that the parent provide nurturing and protection adequate to meet the child’s physical, emotional, and mental health needs. People in Interest of A.J., 143 P.3d 1143, 1152 (Colo. App. 2006). ¶ 12 In determining whether a parent can become fit within a reasonable time, the juvenile court may consider whether any changes occurred during the dependency and neglect proceeding, 
4 the parent’s social history, and the chronic or long-term nature of the parent’s conduct or condition. D.P., 160 P.3d at 353. A reasonable time is not indefinite, and must be determined by considering the child’s physical, mental, and emotional conditions and needs. A.J., 143 P.3d at 1152. ¶ 13 Periods as short as five to nine months have been held to be sufficient time to comply with a treatment plan. Id. ¶ 14 Here, the juvenile court found that father was unfit and there was no likelihood that he would become fit within a reasonable time. In doing so, the court found that father had approximately eleven months, which was “a substantial and reasonable period of time,” to complete his treatment plan. The court next found that father had an opportunity to participate in services and visits when he was not in custody, but he refused to engage with the Department, enroll in services, or consistently attend visits. The court also found that father had “demonstrated little to no change in behavior or insight into the problems which exist[ed] and that must be remedied to parent the child effectively and safely.” ¶ 15 The record supports the juvenile court’s findings. Father had approximately eleven months from the time the treatment plan was 
5 adopted until the termination hearing to work on his treatment plan. During that time, he was in and out of custody. When he was out of custody, father could have completed a substance abuse and mental health assessment, provided urinalysis (UA) samples, and visited the child. He did not complete the assessment. His UAs were positive for controlled substances or “dilute,” which is considered a positive result. He missed several visits and, when he attended, he was not alone. ¶ 16 The caseworker testified that father had approximately three months to engage in services and visits before the treatment plan was adopted. Yet, in the past fourteen months, father had made very little progress. ¶ 17 Because the record supports the juvenile court’s factual findings, we will not disturb them or the court’s legal conclusions on appeal. C. Reasonable Efforts ¶ 18 Father contends that the juvenile court erred by finding that the Department had made reasonable efforts to reunify the family. Specifically, he argues that the Department failed to provide visits while he was incarcerated. We discern no basis for reversal. 
6 ¶ 19 In determining whether a parent is unfit, the juvenile court must consider whether the Division made reasonable efforts to reunify the family. § 19-3-604(2)(h), (k)(III); see also §§ 19-3-100.5, 19-3-208, C.R.S. 2020 (requiring the state to make reasonable efforts to reunite the family when appropriate). ¶ 20 Among the efforts required under section 19-3-208 are screening, assessments, and individual case plans for the provision of services; home-based family and crisis counseling; information and referral services to available public and private assistance resources; visitation services for parents with children in out-of-
home placement; and placement services including foster care and emergency shelter. § 19-3-208(2)(b). ¶ 21 The reasonable efforts standard is deemed met if services are provided in accordance with section 19-3-208. § 19-1-103(89), C.R.S. 2020; People in Interest of J.A.S., 160 P.3d 257, 262 (Colo. App. 2007). The parent is responsible for using those services to obtain the assistance that he or she needs to comply with his or her treatment plan. People in Interest of J.C.R., 259 P.3d 1279, 1285 (Colo. App. 2011). 
7 ¶ 22 The juvenile court found that the Department had made efforts to engage father. As relevant here, the court found that the “difficulties in creating a parenting time opportunity during his periods of incarceration are the result of father’s lack of responsibility and engaging in criminal conduct that resulted in his incarceration.” The court further found that father “created the impediments to parenting time, not the Department.” ¶ 23 The record shows that the Department devised a treatment plan for father; referred him to a substance abuse and mental health assessment and sobriety monitoring; coordinated visits; provided transportation; and facilitated placement services for the child. Therefore, the Department met the reasonable efforts standard. ¶ 24 It is true that father did not have visits while he was incarcerated. The caseworker testified that she had not asked about visits when she contacted the facilities where father was being held in custody. But, during the times that father was not in custody, he did not consistently attend visits. caseworker testified that father had canceled or no-showed at several visits. And, in the 
8 month before the termination hearing while father was out of custody, he had attended only two out of three scheduled visits. ¶ 25 Given this evidence, we cannot say that the Department failed to make reasonable efforts. Because the record supports the juvenile court’s factual findings, we will not disturb them or its legal conclusions on appeal. IV. Conclusion ¶ 26 We affirm the judgment. JUDGE ROMÁN and JUDGE YUN concur.