24CA1080 JPMorgan v Graham 02-27-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1080
Jefferson County District Court No. 23CV30396
Honorable Christopher Blake Rhamey, Judge

JPMorgan Chase Bank, N.A.,

Plaintiff-Appellant,

v.

Jared Graham,

Defendant-Appellee.

JUDGMENT REVERSED

Division VII
Opinion by JUDGE LIPINSKY
Johnson and Moultrie, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 27, 2025

The Moore Law Group, Heather L. Cannon, Nicholas Bullock, Karlie D. Schafer, Santa Ana, California, for Plaintiff-Appellant

No Appearance for Defendant-Appellee

¶ 1    Plaintiff, JPMorgan Chase Bank, N.A., appeals the district court's order dismissing its claim against defendant, Jared Graham, with prejudice. We reverse.

## I.    Background Facts and Procedural History

¶ 2    On March 27, 2023, JPMorgan filed suit against Graham to collect on a past due credit card account. Graham, appearing pro se, filed a motion to compel arbitration (the motion to arbitrate) on May 26, 2023, citing the arbitration provision in his JPMorgan credit card agreement (the agreement).

¶ 3    In its response to the motion to arbitrate, JPMorgan advised the court that it did "not object to [Graham] initiating arbitration" and noted that, pursuant to section 13-22-207(6), C.R.S. 2024, the court "shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the ordering court renders a final decision under this section." JPMorgan specifically asked the court to stay the case for sixty calendar days "to allow [Graham] to commence arbitration."

¶ 4    On July 10, 2023, the court granted the motion to arbitrate. It stayed the case for sixty days "to allow [Graham] to commence arbitration."

¶ 5      Sixty days later, on September 8, 2023, the court entered a delay reduction order in which it directed the parties to "file a Stipulation to Dismiss the Case with Prejudice" if "the matter ha[d] been resolved through arbitration," and if "the matter ha[d] not been resolved, or arbitration ha[d] not occurred," it ordered JPMorgan "to show cause in writing why the case should not be dismissed."  The court further ordered that, "[i]f the parties fail to do so within 35 days, the Court shall deem this matter abandoned and dismiss the case pursuant to C.R.C.P. 121(c) Sec. 1-10."

¶ 6      In a status report filed on September 15, 2023, JPMorgan reported that its counsel had received an official arbitration demand from the American Arbitration Association (AAA) on September 14, 2023 (after the stay expired); said that the matter had been assigned to the AAA case management center; and asked the court to "grant an additional stay of proceedings to allow completion of Arbitration."

¶ 7      On September 25, 2023, the court entered an order in which, as relevant to this appeal, it stayed the case for ninety days "or until arbitration has occurred and the arbiters [sic] decisions [sic] is provided to the parties; *whichever comes first.*"  (Emphasis added.)

In addition, the court ordered JPMorgan to provide "an arbitration status report within *7-days* after receipt of the arbiters [sic] decision detailing if any legal disputes remain" and said that, "[i]f no disputes remain, [JPMorgan] is further ordered to file a joint dismissal of [its] claim with prejudice within *14-days* of receipt of the arbiters [sic] decision."

¶ 8    Nearly four months later, the court entered an order noting that the ninety-day stay had expired on December 26, 2023, and ordered JPMorgan "to file a status update regarding arbitration and the further need for this case's prosecution within *14-days*." The court warned that, "[i]f no report is received, the Case will be dismissed without prejudice."

¶ 9    After JPMorgan failed to file a status report within fourteen days, on February 12, 2024, the court entered an order noting that "[n]o action has occurred in the case since September of 2023" and dismissing the case without prejudice for failure to prosecute in violation of C.R.C.P. 121, section 1-10.

¶ 10   The February 12 order caught JPMorgan's attention. On February 21, 2024, it filed a motion to set aside the dismissal order and to reopen the case. In its motion, JPMorgan advised the court

3

that the parties were "currently participating in the proceedings initiated with the AAA" and said its attorneys "had mistakenly missed the [court's] deadline to file a Status Report."

¶ 11    Together with its motion to set aside the dismissal motion and to reopen the case, JPMorgan filed a motion to stay the proceedings for an additional ninety days "to allow completion of [a]rbitration." In support of its request for an additional ninety-day stay, JPMorgan quoted section 13-22-207(6) and (7):

> If a party files a motion with the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the ordering court renders a final decision under this section.
>
> If the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration. If a claim subject to the arbitration is severable, the court may limit the stay to that claim.

¶ 12    The court issued an order on March 20, 2024, directing JPMorgan to show cause in writing within thirty-five days why arbitration had not been completed and noting that a lawyer's "mistakenly miss[ing]" a deadline is not excusable neglect for purposes of setting aside a judgment under C.R.C.P. 60(b)(1) and

4

60(b)(5). The court quoted *Messler v. Phillips*, 867 P.2d 128, 136 (Colo. App. 1993): "[E]xcusable neglect involves unforeseen occurrences which would cause a reasonably prudent person to overlook a required act in the performance of some responsibility. Failure to act because of carelessness and negligence is not excusable neglect."

¶ 13 In addition, the court said in the March 20 order that, if it were to exercise its discretion to re-open the case, it would "immediately have to confront the question of why, after 150 days of official stay for arbitration and a subsequent unofficial stay for an additional 84 days (from expiration of December 26th to the date of this Order) arbitration has not been completed." The court explained that, for this reason, it could not consider reopening the case "until clarity is provided."

¶ 14 The court ordered JPMorgan to "*show cause* in writing within *35-days* of this order why arbitration has not been completed" and "state with particularity the precise number of days [it] expects necessary for the requested third stay to reach final resolution of this matter." The March 20 order put JPMorgan on notice that, if it failed to show cause within thirty-five days, the court would deny

its motion to set aside the dismissal order and to reopen the case "without further opportunity to be heard."

¶ 15    Despite the unequivocal language of the March 20 order, JPMorgan failed to show cause by the specified deadline. Accordingly, on May 1, 2024, the court entered an order dismissing the case with prejudice. The court observed that, although it had "provided a path" for JPMorgan to cure the dismissal by showing cause why "arbitration had not occurred within the time allotted," JPMorgan failed to do so. In addition, the court said that, if JPMorgan "made a minimal showing that they were diligently prosecuting the case through arbitration, the Court would not hold an apparent calendaring error against them."

¶ 16    But, the court noted, JPMorgan "continued to fail to meaningfully engage in the diligent prosecution of this case by failing to meet the deadline to show cause." The court explained that "[t]his continuous failure to meet deadlines creates meaningful prejudice to the defendant[] through undue delay in the proceedings, wastes court resources, and is irreconcilable with the legal and professional duties [JPMorgan] and their counsel are under." The court continued that JPMorgan "sought to utilize the

Court's authority to achieve [its] legal goals in this case, but has continuously failed to satisfy reasonable and valid Court orders necessary to achieve those ends." Because "[t]he Court cannot reconcile this behavior with any appropriate course of conduct and cannot sanction the same to continue [to] Defendant['s] prejudice," the court "convert[ed] its dismissal for failure to prosecute" under C.R.C.P. 121, section 1-10 to "a DISMISSAL WITH PREJUDICE."

¶ 17    JPMorgan appeals the May 1 dismissal order.

## II.    Analysis

¶ 18    JPMorgan contends on appeal that the court erred by dismissing the case with prejudice and by not staying the proceedings until the parties' arbitration concluded. We hold that the court lacked subject matter jurisdiction over the case during the pendency of the arbitration and, therefore, we reverse the May 1 dismissal order.

### A.    Standard of Review

¶ 19    "Subject matter jurisdiction concerns the court's authority to decide a particular matter." *Dunafon v. Krupa*, 2020 COA 149, ¶ 7, 477 P.3d 785, 788 (quoting *In re Support of E.K.*, 2013 COA 99, ¶ 8, 410 P.3d 480, 482). "The court's authority must be properly

invoked before it can act, and a judgment rendered without subject matter jurisdiction is void." *Id.* (quoting *E.K.*, ¶ 8, 410 P.3d at 482). "Whether a court has subject matter jurisdiction is determined by the nature of the claim and the relief sought." *In re Marriage of Roth*, 2017 COA 45, ¶ 14, 395 P.3d 1226, 1230.

¶ 20　　"Whether the district court had subject matter jurisdiction is an issue that can be raised at any time in a proceeding." *Zook v. El Paso County*, 2021 COA 72, ¶ 8, 494 P.3d 659, 662. Subject matter jurisdiction is a legal question that we review de novo. *Black v. Black*, 2020 COA 64M, ¶ 90, 482 P.3d 460, 480.

### B.　Arbitration and Subject Matter Jurisdiction

¶ 21　　"In Colorado, arbitration is a favored method of dispute resolution." *Lane v. Urgitus*, 145 P.3d 672, 678 (Colo. 2006); *see Fresquez v. Trinidad Inn, Inc.*, 2022 COA 96, ¶ 16, 521 P.3d 399, 404 ("As a general rule, Colorado favors arbitration agreements.").

¶ 22　　Under the Colorado Uniform Arbitration Act, §§ 13-22-201 to -230, C.R.S. 2024, "a valid, enforceable arbitration provision divests trial courts of jurisdiction over all questions that are to be submitted to arbitration, pending the conclusion of arbitration." *Lane,* 145 P.3d at 679. Thus, "[i]f an enforceable agreement

requires arbitration of a claim, a court lacks subject matter jurisdiction to consider that issue." *McCord v. Affinity Ins. Grp., Inc.,* 13 P.3d 1224, 1231 (Colo. App. 2000).

¶ 23     "If a party files a motion with the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the ordering court renders a final decision" on the motion. § 13-22-207(6).  If the court grants the motion and orders arbitration, it must, "on just terms," stay "any judicial proceeding that involves a claim subject to the arbitration."  § 13-22-207(7). Accordingly, upon the issuance of an order compelling arbitration, "the proper procedure is to stay the action pending completion of the arbitration process."  *Mountain Plains Constructors, Inc. v. Torrez,* 785 P.2d 928, 931 (Colo. 1990).

C.     The District Court Lost Subject Matter Jurisdiction
Over JPMorgan's Claim During
the Pendency of the Arbitration

¶ 24     The arbitration provision in the agreement specifies that all disputes between Graham and JPMorgan must be submitted to binding arbitration "whenever [either party] choose[s] to submit or refer a dispute to arbitration."  The agreement says that disputes

9

"about or relating in any way to [Graham's] account" are subject to the arbitration provision. As noted, JPMorgan did not object to submission of its claim against Graham to arbitration.

¶ 25 Once the court granted the motion to arbitrate on July 10, 2023, it lost subject matter jurisdiction over JPMorgan's claim. *See Mountain Plains Constructors, Inc.*, 785 P.2d at 931; § 13-22-207(7). It could not exercise subject matter jurisdiction over that claim again until the parties' arbitration had concluded. *See Lane*, 145 P.3d at 679.

¶ 26 The court knew from JPMorgan's September 15, 2023, status report that its "counsel [had] received an official arbitration demand from the AAA" and the matter had been "assigned to the AAA case management center." Moreover, the court was aware from JPMorgan's motion to set aside the February 12 dismissal order and to reopen the case that Graham had "filed his arbitration" with the AAA "on or around 09/02/2023" and JPMorgan and Graham were "currently participating in the proceedings initiated with the AAA." In addition, in its February 21 stay motion, JPMorgan noted that, under section 13-22-207(7), "[i]f the court orders arbitration,

the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration."

¶ 27    We agree with the court that JPMorgan's counsel failed to establish the excusable neglect necessary to set aside the court's order dismissing the case without prejudice. *See Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 322 (Colo. 2010) (holding that "carelessness and neglect due to poor office procedures and an apparently overwhelming workload" are not excusable neglect); C.R.C.P. 60(b)(1). We are also aware that the record does not reveal whether, and if so, when, the arbitration was concluded.

¶ 28    But JPMorgan's counsel's lack of diligence cannot overcome the black letter law that the court could not assert subject matter jurisdiction over JPMorgan's claim until the court received word that the arbitration of the claim had concluded. Thus, the court erred by dismissing the claim without prejudice and, later, by dismissing it with prejudice.

¶ 29    For this reason, without in any way condoning the conduct of JPMorgan's counsel, we reverse the May 1 dismissal order and remand the case to the district court. Given our conclusion that

11

the court lacked subject matter jurisdiction over JPMorgan's claim from the time the court granted the motion to arbitrate, we need not address JPMorgan's other appellate arguments.

### III.   Disposition

¶ 30    The judgment is reversed.

JUDGE JOHNSON and JUDGE MOULTRIE concur.