25CA0842 Marriage of Butler 10-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0842
Delta County District Court No. 21DR151
Honorable D. Cory Jackson, Judge
Honorable Joseph Bradley Gaffney, Magistrate

---

In re the Marriage of

Michele Dawn Butler,

Appellee,

and

Stephen Ray Butler,

Appellant.

---

ORDER AFFIRMED AND CASE REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE SULLIVAN
Welling and Martinez*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

---

Hand Law, P.C., Mark R. Hand, Grand Junction, Colorado, for Appellee

Catherine C. Burkey, Grand Junction, Colorado, for Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    In this post-dissolution of marriage case between Michele Dawn Butler (mother) and Stephen Ray Butler (father), father appeals the district court's adoption of the magistrate's order denying his motion to modify child support and maintenance. We affirm and remand the case with directions.

## I.    Relevant Facts

¶ 2    In 2023, the district court issued permanent orders, requiring father to pay mother monthly maintenance and child support. Shortly after, claiming a loss of employment, father moved to modify child support and maintenance.

¶ 3    After a contested hearing, a magistrate denied the motion after entering findings, including the following:

- father didn't meet his burden of establishing a substantial and continuing change in circumstances that would warrant modification of the child support order;

- father met his burden of establishing a substantial and continuing change in circumstances for the purposes of modifying maintenance;

1

- but the change in circumstances was "the result of father's voluntary actions" and therefore didn't render the maintenance award unfair.

¶ 4    Father petitioned for district court review of the magistrate's order. The district court adopted the magistrate's order.

## II.    Standard of Review

¶ 5    A district court must defer to a magistrate's factual findings unless they are clearly erroneous. C.R.M. 7(a)(9). Our review of the district court's decision is effectively a second layer of appellate review; we apply the same clearly erroneous standard to the magistrate's findings. *In re Parental Responsibilities Concerning G.E.R.*, 264 P.3d 637, 638-39 (Colo. App. 2011). Factual findings aren't clearly erroneous unless no support for them exists in the record. *Van Gundy v. Van Gundy*, 2012 COA 194, ¶ 12. We review questions of law de novo. *In re Marriage of Young*, 2021 COA 96, ¶ 9.

¶ 6    We review an order denying a modification of maintenance and child support for an abuse of discretion. *Id.* at ¶ 7. A court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair, or if the court misapplies the law. *Id.*

### III. Modification of the Child Support Order

¶ 7 As relevant here, a decree for child support may be modified "upon a showing of changed circumstances that are substantial and continuing." § 14-10-122(1)(a), C.R.S. 2025.

¶ 8 Father contends that the magistrate erred by finding a substantial and continuing change in circumstances but then declining to change the support order. But father misreads the magistrate's findings. The magistrate found that, for the purposes of child support, father failed to meet his burden of showing a substantial and continuing change. On review, the district court found that the magistrate's findings were supported by the record and weren't clearly erroneous. We agree and therefore discern no error in the magistrate's order denying father's motion to modify child support. *See MGM Supply Co. v. Indus. Claim Appeals Off.*, 62 P.3d 1001, 1005 (Colo. App. 2002) ("Whether [the] burden of proof has been satisfied is a question of fact . . . .").

### IV. Modification of the Maintenance Order

¶ 9 Father next contends that the magistrate erred by finding that the original maintenance order remained fair, despite the change in mother and father's financial situation.

¶ 10    A decree for maintenance may be modified "upon a showing of changed circumstances so substantial and continuing as to make the terms unfair." § 14-10-122(1)(a).  The issue isn't whether, based on the current financial circumstances of the parties, the court would have awarded the same amount as originally awarded. *In re Marriage of Weibel*, 965 P.2d 126, 128 (Colo. App. 1998).  Rather, the issue central to modification of maintenance is whether the terms of the initial award have become unfair.  § 14-10-122(1)(a); *In re Marriage of Tooker*, 2019 COA 83, ¶ 35.  This is a more demanding standard, which seeks to prevent "the filing of motions to modify each time there is any change in the earning ability or needs of a party."  *Aldinger v. Aldinger*, 813 P.2d 836, 840 (Colo. App. 1991).

¶ 11    Here, the magistrate found that father left his employment voluntarily a few months after the court entered final orders.  The magistrate also found that father's explanation for leaving his prior employment wasn't credible.  As a result, the magistrate found that father's change in employment was "not a good faith career choice, but rather an attempt to avoid paying" support and maintenance.  The magistrate also found that the relative change in the party's

financial circumstances was "the result of [father]'s voluntary actions" and therefore wasn't a change that "renders the maintenance award unfair."

¶ 12 The district court noted that the magistrate's credibility findings couldn't be disturbed on review, and it determined that the magistrate's finding that the maintenance order remained fair was sufficiently supported by the record. Again, we agree and thus decline to disturb the magistrate's order. *See In re Marriage of Lewis*, 66 P.3d 204, 207 (Colo. App. 2003) (determinations of witness credibility and the weight, probative force, and sufficiency of the evidence, as well as inferences and conclusions drawn from the evidence, are within the fact finder's "sole discretion").

¶ 13 Father nonetheless claims that, at the time of the modification hearing, his and mother's "financial circumstances [we]re significantly disparate because of the [f]inal [o]rders and not because of [f]ather's actions." Specifically, father asserts that mother's financial position improved when father paid her "because of the [f]inal [o]rders."

¶ 14 A division of this court, however, previously affirmed the division of father and mother's marital property and the

equalization payment required by the final orders, which father now blames for the change in financial circumstances between the parties. *In re Marriage of Butler*, (Colo. App. No. 23CA2041, Sept. 26, 2024) (not published pursuant to C.A.R. 35(e)). But the denial of father's motion to terminate maintenance doesn't give him a second chance to appeal the underlying terms of the final orders. *See In re Marriage of Tognoni*, 313 P.3d 655, 658 (Colo. App. 2011) (timely appeal from later orders doesn't bring up the court's previous final orders for review).

¶ 15 Father also asserts, without providing legal authority, that the magistrate should have considered mother's "additional income," which he defines as "maintenance, child support, and wages." We decline to address this undeveloped contention. *See In re Marriage of Drexler*, 2013 COA 43, ¶ 27 (declining to address "general contention" that lacked any supporting authority or explanation of a legal basis).

¶ 16 Accordingly, we discern no abuse of discretion and no basis for reversing the magistrate's denial of father's motion.

## V.     Appellate Attorney Fees

¶ 17     Mother requests an award of her attorney fees under section 14-10-119, C.R.S. 2025.  *See In re Marriage of Gutfreund*, 148 P.3d 136, 141 (Colo. 2006) (section 14-10-119 empowers the court to equitably apportion costs and attorney fees between the parties based on their relative ability to pay).  As the district court is best situated to determine the factual issues regarding the parties' current financial resources, we direct the district court on remand to decide whether to award mother her reasonable appellate attorney fees under section 14-10-119.  *See In re Marriage of Alvis*, 2019 COA 97, ¶ 30.

## VI.     Disposition

¶ 18     We affirm the order and remand the case to the district court to consider mother's request for appellate attorney fees.

JUDGE WELLING and JUSTICE MARTINEZ concur.