No. 19,475.

Mardina G. Devereaux *v.* Charles Frank Devereaux.

(354 P. [2d] 1015)

Decided August 22, 1960.

Mr. Donald E. Kelley, Mr. Frank A. Elzi, Mr. Robert A. Powell, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error, herein referred to as petitioner, filed in the usual form, a petition in the Denver Juvenile Court alleging that defendant in error, herein referred to as respondent, was the father of two boys, Charles Frank Devereaux, born December 19, 1955, and Michael Wade Devereaux, born January 14, 1957; that said children were dependent upon the public for support; that respondent has failed and refused to provide proper support for said children; that respondent has encouraged, caused or contributed to the dependency of said children, and that he is able to support such children.

Prior to the taking of testimony on March 15, 1960, respondent orally moved to have the name of Charles stricken from the petition and the action dismissed insofar as it related to said child. In support of this motion respondent offered certified copies of a complaint in annulment and divorce, the summons, return of service, docket entries and findings and judgment in civil action No. 1504 in the County Court of Rio Blanco County, Colorado.

The findings and judgment of said county court show only that the respondent appeared in said court and that petitioner, although served with summons, did not appear and neither petitioner nor the child, Charles, was present or represented. The Rio Blanco Court found that petitioner and respondent had been married July 14, 1955, and that on that date petitioner had a husband living, from whom she was not divorced, hence was unable to consummate a valid marriage; that because the birth date of Charles was December 19, 1955, several months less than the normal period of human gestation,

no child had been born as issue of said purported marriage, and entered a decree annulling the marriage.

The trial judge in the instant case held that the Rio Blanco Court's judgment was an adjudication that the respondent was not the father of Charles and ordered his name stricken from the petition and dismissed the petition as to said child.

Petitioner is here by writ of error contending that the Rio Blanco County Court by its decree did not, and under the record could not, determine the parentage of the child, Charles, but merely found that the child was not conceived subsequent to the marriage ceremony. Further that had the Rio Blanco Court determined the parentage of Charles, such determination would not be binding on Charles, since the child was neither a party to or represented in the Rio Blanco County action.

It is manifest from the record that the paternity of Charles was not involved in that action, it was not an issue under the allegations of the complaint, he was not served, did not appear, and was not represented by a guardian ad litim in the action. Moreover the parentage of a child is not an issue in a divorce or annulment action between the parents. We find no cases in this state on the question, but the law appears well settled in other jurisdictions. See *Shatford v. Shatford,* 214 Ark. 612, 217 S.W. (2d) 917; *Ryke v. Ream,* 212 Iowa 126, 234 N.W. 196; *Daniels v. Daniels,* 143 Cal. App. (2d) 430, 300 P. (2d) 335; *Kleinert v. Ehlers,* 38 Penn. 439; *Evans v. Evans,* (Eng.) (1904) Prob. 274; 65 A.L.R. (2d) 1382.

All that the Rio Blanco County Court found or could find was that the child Charles was not issue of the alleged marriage of petitioner and respondent. There was no determination in that case that respondent was not the father of Charles, and under the pleadings no such determination could be made.

The trial court was in error in striking the name of Charles Devereaux from the petition. Hence the judgment of the trial court must be reversed insofar as it

relates to the paternity of Charles, and the cause is remanded to the trial court with directions to restore the name of Charles Frank Devereaux to the pleadings and proceed in accordance with law in the disposition of the issue whether the respondent is the father of Charles and is contributing to the child's dependency.

The judgment is reversed.

MR. JUSTICE MOORE not participating.