562 P.2d 767 (1977)
Lee Ann McNEECE, Plaintiff-Appellee,
v.
Jackie McNEECE, Defendant-Appellant.
No. 76-181.
Colorado Court of Appeals, Div. I.
March 24, 1977.
*768 Robert N. Miller, Dist. Atty., William G. Pharo, Deputy Dist. Atty., Stanley C. Peek, Asst. Dist. Atty., Greeley, for plaintiff-appellee.
Zane M. Pic, Greeley, for defendant-appellant.
ENOCH, Judge.
Defendant, Jackie McNeece, appeals a judgment entered pursuant to the Uniform Reciprocal Enforcement of Support Act, § 14-5-101, et seq., C.R.S.1973, ordering him to pay child support. We affirm.
On February 9, 1970, a decree granting Lee Ann McNeece a divorce from defendant was entered by default in the District Court of Weld County, Colorado. Defendant was also ordered to pay support for their minor child, Justin J. McNeece.
In 1975 plaintiff initiated through the office of the Maricopa County Attorney, Phoenix, Arizona, an action docketed in the Weld County District Court for enforcement of the child support order under the terms of the Act. In answer to the complaint filed, defendant alleged the affirmative defense of non-paternity, see § 14-5-128, C.R.S.1973, and presented affidavits purporting to show that two days after entry of the divorce decree, plaintiff had admitted that defendant was not the father of Justin McNeece. The court held that the issue of paternity had been decided in the original divorce action, and defendant was therefore barred by either the doctrine of res judicata or estoppel of judgments from raising the issue in the present proceeding. The court also refused to reopen the original divorce proceeding to allow re-litigation of the paternity issue.
Defendant appealed these rulings; however, we found that no final judgment had been entered and remanded the cause for *769 further proceedings. Subsequently, a final judgment was entered, ordering defendant to pay $35 per month child support. Pursuant to our remand the cause has now been recertified to this court for determination of the issues.
Defendant claims that he is not barred by either res judicata or estoppel of judgments from raising the issue of paternity as a defense in the support action. We disagree.
The parentage of a child is not an issue necessarily decided in a divorce or annulment action. See Devereaux v. Devereaux, 144 Colo. 31, 354 P.2d 1015. However, where, as a part of a divorce action, the court hears evidence, makes a child support order, and by necessary implication has determined the paternity of the child, this determination is res judicata at least between the spouses. Peercy v. Peercy, 154 Colo. 575, 392 P.2d 609. The question is whether the issue of paternity was raised and decided in the original divorce action. We hold that it was.
The record does not contain the complaint in the divorce action, but by defendant's own admission in his brief, the complaint alleged that "one child had been born as a result of said marriage, to wit: Justin J. McNeece, born September 26, 1969." In its divorce decree, the trial court ordered that "the sole care, custody, and control of the minor child, Justin J. McNeece . . . be awarded to the plaintiff, subject to reasonable visitation by the defendant." The court also ordered that defendant pay to plaintiff $50 per month for "child support."
From these facts, we conclude that the issue of paternity was raised at the time of the original divorce action, and that as between the spouses, the issue of paternity was decided. Defendant's denial of paternity should have been made at the time of the original divorce action, and he is bound by that determination in the present action. See Peercy v. Peercy, supra.
Defendant attempts to distinguish Peercy from the present case on the basis that the defendant in Peercy had tacitly acknowledged paternity by entering into a written custody and support agreement which was incorporated in the divorce decree, and that Peercy was a contempt proceeding rather than an action for enforcement of a support decree. We find these distinctions immaterial. Although there was no written agreement here, the issue of paternity was necessarily raised and decided. Once decided, the issue was res judicata in any subsequent action between the spouses, see Pomeroy v. Waitkus, 183 Colo. 344, 517 P.2d 396, without regard to the specific nature of the second action.
Citing Graham v. Graham, 38 Colo. 453, 88 P. 852, and Devereaux v. Devereaux, supra, defendant contends that the paternity of the child could not have been determined since the child was not named as a party in the original action and a guardian ad litem was not appointed. While the child could not be bound by a decision in an action to which he was not a party, nevertheless, as between spouses to the action, the issue is res judicata. See Peercy, supra.
Defendant also argues that there was an insufficient showing of the identity of the parties in the two actions to make the doctrine of res judicata applicable. Specifically, he asserts that there was no showing that Lee Ann Jinx McNeece, named as plaintiff in the support proceeding, was the same person as Jinx L. McNeece, the named plaintiff in the original divorce action. This issue was not raised in the trial court, however, and we decline to consider it on review. In re Petition of Karkanen v. Valdesuso, 33 Colo. App. 47, 515 P.2d 128.
Defendant next argues that plaintiff waived the defense of res judicata by failing to plead it affirmatively in response to defendant's answer in which defendant asserted the affirmative defense of non-paternity. Inasmuch as defendant asserted no counterclaim as a part of his answer to plaintiff's complaint, plaintiff was not obliged to respond to defendant's answer. Therefore, since a reply to an affirmative defense is merely permissive, C.R.C.P. 7(a), the failure to respond means that defendant's *770 averment is to be taken as denied or avoided. C.R.C.P. 8(d); Davis v. Bonebrake, 135 Colo. 506, 313 P.2d 982.
Defendant further contends that the issue of res judicata was waived when plaintiff failed to raise it at a hearing on April 2, 1975, on defendant's motion for blood-grouping tests. After that hearing, the court ordered the action stayed, and ordered the cause certified back to Arizona for a deposition by plaintiff and for bloodgrouping tests on plaintiff and the child. At the instance of plaintiff's Arizona attorney, plaintiff's Colorado attorney then raised the issue of res judicata. The court ruled in favor of plaintiff on this issue on October 1, 1975. In view of the fact that the court had not yet considered any additional evidence of paternity as a result of the April 2 order, and since further steps beyond that order had not been taken, plaintiff's raising of this point of law was timely, and the issue of res judicata was not waived by plaintiff. In ruling for plaintiff, the court was merely correcting an erroneous interlocutory ruling of law prior to entry of judgment.
Defendant next argues that because of his showing of newly-discovered evidence, the court erred in refusing to reopen the divorce proceeding to litigate the issue of paternity. We do not agree.
Once a valid judgment is entered, the court may thereafter alter, amend or vacate such judgment by appropriate motion under C.R.C.P. 59 or 60. Cortvriendt v. Cortvriendt, 146 Colo. 387, 361 P.2d 767. But, a motion for new trial on the grounds of newly-discovered evidence must be made within six months after entry of the judgment. C.R.C.P. 59(b). Similarly, a motion for relief from judgment on the grounds of mistake, inadvertence, surprise, excusable neglect, or fraud (intrinsic or extrinsic), must be made within six months of the entry of the judgment. C.R.C.P. 60(b). Here, defendant did not seek to reopen the divorce proceeding until approximately five years after entry of judgment. Therefore, none of the above grounds are available to defendant to reopen the divorce proceeding.
Defendant alleges there was fraud, extrinsic to the record, perpetrated by plaintiff. However, unless the fraud alleged is such as to defeat the jurisdiction of the court, defendant is subject to the six-month limit of C.R.C.P. 60(b). See In re Estate of Bonfils, Colo., 543 P.2d 701.
While an independent equitable action may be brought at any time to set aside a judgment, Dudley v. Keller, 33 Colo. App. 320, 521 P.2d 175, defendant's motion here was not such an action. Furthermore, considering the fact that defendant became aware of the paternity issue within days of the original judgment, but waited over five years to raise the issue, it was well within the court's discretion to deny him equitable relief. See Duncan v. Colorado Investment & Realty Co., 116 Colo. 12, 178 P.2d 428.
Also, there is no merit to defendant's contention that the judgment in the support action is without effect because the court did not make specific findings of fact and conclusions of law. While such findings generally are required for a judgment entered after a trial to the court, they are unnecessary for decisions on motions under C.R.C.P. 12 or 56, or any other motion except as provided in C.R.C.P. 41(b). C.R.C.P. 52(a). The court's ruling that the issue of paternity could not be raised in the support proceeding because it had been previously litigated was based on undisputed facts, and was tantamount to a partial judgment on the pleadings, C.R.C.P. 12(c), or a partial summary judgment, C.R.C.P. 56. As such, no findings of fact and conclusions of law were required. Similarly, the defendant's motion to reopen the divorce decree was not a motion pursuant to C.R.C.P. 41(b), and therefore no findings of fact and conclusions of law were required to accompany the ruling on this motion.
Judgment affirmed.
COYTE and STERNBERG, JJ., concur.