JILL BARLOW *v.* BRIAN GUERRERA
(4261)

HULL, DALY and BIELUCH, Js.

Argued December 9, 1986—decision released January 6, 1987

*Maureen A. Sheehan,* with whom, on the brief, was *Robert E. Mellon,* for the appellant (defendant).

*J. Bernard Davis,* assistant attorney general, with whom, on the brief, was *Joseph I. Lieberman,* attorney general, for the appellee (state).

PER CURIAM. In this appeal from the trial court's determination that the defendant is the father of the plaintiff's child, the defendant claims that the court abused its discretion (1) in denying the defendant's motion for a blood test and (2) in denying the defendant's request for a continuance to obtain counsel. We find no error.

After the court began hearing evidence, the defendant, who never claimed indigency, requested blood tests and "time to seek a lawyer." Both motions were denied as untimely. The matter had previously been continued when the defendant, though in the courtroom when the case was called on its originally scheduled trial date, failed to make his presence known either to the court or to the plaintiff's counsel.

General Statutes § 46b-168 provides that the court "may" order blood tests upon motion by any party. Thus, the order is discretionary.[1] While an indigent defendant in a state-supported paternity suit has a right to court-appointed counsel; see *Lavertue* v. *Niman,* 196 Conn. 403, 493 A.2d 213 (1985); this does not mean that a nonindigent defendant has the right to halt a trial midway through the evidence in order to "seek a lawyer."

After carefully reviewing the transcript and record in this case, we find there is no abuse of discretion.

There is no error.

---

[1] In *Little* v. *Streater,* 452 U.S. 1, 17, 101 S. Ct. 2202, 68 L. Ed. 2d 627 (1981); the United States Supreme Court upheld the right to a blood test only where the basis for a denial of a request for the test was the putative father's inability to pay for it.