[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE EXHUMATION AND DNA TESTING
Madeleine Hornbeck, Administratrix of the Estate of Shawn Simmons (administratrix) seeks an exhumation order under General Statutes § 7-67 and an order for DNA testing under General Statutes § 46b-168(b) to be performed on the body of one Shawn Simmons, (decedent), and on the body of the ex-husband of the administratrix, Fred W. Simmons (Simmons), the possible father of the decedent. The administratrix claims that Simmons is, in fact, not the biological father of the decedent and seeks DNA testing of the decedent and Simmons to confirm her allegations and to offer the results as evidence in the Court of Probate, District of Berlin where the decedent's estate is in probate.
Facts
CT Page 8874
Decedent was born August 3, 1965 in New York state. His mother is recorded as Madeleine Dora Elliott and his father as Fred William Simmons on the birth certificate.
The administratrix and Simmons were married on April 27, 1968 and divorced August 2, 1972 in a "non-contested" action. Simmons is named as decedent's father on that divorce decree.
The decedent died December 23, 1986 leaving his mother, the administratrix and three (3) brothers. The application for administration of his estate also lists Simmons as "Father". Simmons is also shown as decedent's father on the death certificate.
Law
I C.G.S. § 46b-168
 (a) In any proceeding in which a question of paternity is an issue, the court . . . on a motion of any party may order the mother, her child and the putative father or the husband of the mother to submit to one or more blood grouping tests, to be made by a qualified physician or other qualified person, designated by the court to determine whether or not the putative father or the husband of the mother can be excluded as being the father of the child. The results of such tests shall be admissible in evidence only
 in cases where such results establish definite exclusion of the putative father or such husband as such father.
 (b) At any proceeding in which the question of paternity is at issue the court . . . on motion of any party, may order genetic tests which shall mean human leukocyte antigen tests or DNA tests, to be performed unless a putative father or husband has been excluded by prior blood grouping tests.
Under the statute the order is discretionary. BarlowCT Page 8875v. Guerrera, 9 Conn. App. 431, 432 (1987).
II Documentary Evidence
We have the birth certificate, the divorce decree, the death certificate and the application to the probate court which each proclaim Simmons as father. They are each "only evidence of paternity." Ganim v. Roberts, 208 Conn. 760,768 n. 10, (1987).
III C.G.S. § 45a-274(b)(1)
The statute provides as follows:
 Children born before marriage whose parents afterwards intermarry shall be deemed legitimate and inherit equally with other children.
This is a statute of descent from the child. Cf C.G.S. § 95a-438a; Hale's Appeal from Probate, 69 Conn. 611,618. On its face it does not appear to confirm paternity in the father.
IV Estoppel
The plaintiff here is the administratrix of an estate with at least four (4) heirs. This plaintiff is not estopped because she was not the person who put Simmons' name as father on the four documents.
V Res Judicata
Defendant argues that the New York divorce decree decided the issue of paternity of the decedent because that was the question in issue in that action. "The doctrine of res judicata holds that an existing final judgment rendered upon the merits without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction."Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556, 557.[1]
In our case we have different parties than in the New York action. CT Page 8876
In addition a divorce decree establishing paternity is not res judicata as to the child. Ryke v. Ream, 212 Iowa 126,234 N.W. 196, 197; McNeece v. McNeece, 39 Colo. App. 160,562 P.2d 767, 769.
The court in its discretion has no question that the application should be granted. This is a court of equity where truth is always a major goal.
Application for order of exhumation is granted.
Application for genetic testing is granted.
N. O'Neill, J.