The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
August 28, 2025

**2025COA73**

**No. 23CA0430, *People v. Lopez* — Crimes — Assault in the First Degree — Serious Bodily Injury with a Deadly Weapon; Constitutional Law — Eighth Amendment — Proportionality Review — Per Se Grave or Serious Offenses**

A division of the court of appeals holds that first degree

assault (causing serious bodily injury by means of a deadly

weapon), § 18-3-202(1)(a), C.R.S. 2025, remains a per se grave or

serious offense after *Wells-Yates v. People*, 2019 CO 90M.  The

defendant's twenty-one-year sentence for that offense thus does not

raise an inference of gross disproportionality.  The division also

holds that the defendant's allegations of ineffective assistance of

counsel were insufficient to warrant a hearing under Crim. P. 35(c).

COLORADO COURT OF APPEALS     **2025COA73**

Court of Appeals No. 23CA0430
Jefferson County District Court No. 18CR3242
Honorable Robert Lochary, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Isaiah Josiah Lopez,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE SCHOCK
Dunn and Brown, JJ., concur

Announced August 28, 2025

Philip J. Weiser, Attorney General, Caitlin E. Grant, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Rachel Z. Geiman, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Isaiah Josiah Lopez, appeals the denial of his Crim. P. 35(c) motion without a hearing. We affirm. In doing so, we hold that first degree assault (causing serious bodily injury with a deadly weapon), § 18-3-202(1)(a), C.R.S. 2025, remains a per se grave or serious offense after *Wells-Yates v. People*, 2019 CO 90M.

## I.    Background

¶ 2     After an altercation during which he shot the victim in the knee, Lopez was charged with first degree assault, felony menacing, child abuse, two counts of reckless endangerment, two counts of possession of a weapon by a previous offender, three counts of violating a protective order, and three habitual criminal counts.

¶ 3     On the morning of the scheduled trial, Lopez pleaded guilty to first degree assault in exchange for dismissal of the other counts. Because first degree assault is both an extraordinary risk crime and a per se crime of violence, Lopez acknowledged that he could be sentenced to prison for ten to thirty-two years. *See* § 18-3-202(1)(a); § 18-1.3-401(1)(a)(V)(A.1), (8)(a)(I), (10)(a), (10)(b)(XII), C.R.S. 2025; § 18-1.3-406, C.R.S. 2025. The plea agreement specified that the prosecution made no sentencing concessions.

¶ 4    The district court sentenced Lopez to twenty-one years in prison, to run consecutively to twelve-year concurrent prison sentences he was serving in three other cases.  Lopez did not appeal.  Four months later, he moved for sentence reconsideration under Crim. P. 35(b), which the district court denied.

¶ 5    Lopez later filed a timely pro se Crim. P. 35(c) motion, requesting a proportionality review of his sentence and asserting two other claims for relief.  The district court appointed counsel, who filed two supplements.  The supplements incorporated the three claims Lopez had asserted pro se and added twelve claims of ineffective assistance of counsel.  The prosecution filed a response.

¶ 6    The district court denied the motion, including the claims raised in the supplements, without a hearing.  As relevant to this appeal, the court concluded that (1) Lopez's request for a proportionality review was not properly brought under Crim. P. 35(c), and (2) the ineffective assistance of counsel claims were conclusory and did not allege facts sufficient to support a claim.

## II. Analysis

¶ 7     Lopez appeals the district court's denial of his request for a proportionality review of his sentence and five of his claims for ineffective assistance of counsel.  We address each in turn.

### A.     Legal Standard and Standard of Review

¶ 8     A Crim. P. 35(c) motion may be denied without a hearing when "the motion and the files and record of the case show to the satisfaction of the court that the defendant is not entitled to relief." Crim. P. 35(c)(3)(IV).  This standard is satisfied if (1) the allegations are bare and conclusory; (2) the allegations, even if true, do not warrant relief; or (3) the record directly refutes the defendant's claims.  *People v. Duran*, 2025 COA 34, ¶ 15.  A defendant need not set forth evidentiary support for the allegations in the motion but must assert facts that, if true, would provide a basis for relief. *White v. Denver Dist. Ct.*, 766 P.2d 632, 635 (Colo. 1988).

¶ 9     We review de novo the district court's denial of a Crim. P. 35(c) motion without a hearing.  *People v. Cali*, 2020 CO 20, ¶ 14.

### B.     Proportionality Claim

¶ 10     We agree with Lopez that the district court erred by concluding that his request for a proportionality review of his sentence was not

a proper Crim. P. 35(c) claim. Although Lopez did not explicitly assert that his sentence was grossly disproportionate, that was the substance of his claim. *See People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006) (holding that substance of postconviction motion controls how it is designated). He cited the Eighth Amendment's prohibition on grossly disproportionate sentences, *see Solem v. Helm*, 463 U.S. 277, 284 (1983), and asserted that he was "entitled to a proportionality review of his sentence." Construed liberally, such a request "is a challenge to the constitutionality of a sentence under the Eighth Amendment and is properly cognizable under Crim. P. 35(c)." *People v. Castillo*, 2022 COA 20, ¶ 38. The district court therefore should have conducted an abbreviated proportionality review of Lopez's sentence.[1] *See id.* at ¶ 36.

¶ 11    But when there is no "need for a refined analysis inquiring into the details of the specific offense[] . . . , an appellate court is as well positioned as a [district] court to conduct a proportionality

---

[1] Lopez's postconviction motion was timely, he did not file a direct appeal, and this was his first Crim. P. 35(c) motion. The People thus do not argue that the proportionality claim was time barred or successive. *See People v. Moore-El*, 160 P.3d 393, 395 (Colo. App. 2007) (denying request for proportionality review as time barred).

review." *People v. Gaskins*, 825 P.2d 30, 37-38 (Colo. 1992), *abrogated on other grounds by Wells-Yates*, ¶ 55. That is the case here. Thus, although the district court did not conduct a proportionality review, we will conduct that review on appeal. *See Castillo*, ¶ 38. And because we conclude that Lopez's sentence does not raise an inference of gross disproportionality, we affirm the denial of this claim. *See Duran*, ¶ 26 (noting that we may affirm the district court's order on any ground supported by the record).

¶ 12      Proportionality review starts with an abbreviated review comparing the gravity and seriousness of the offense with the harshness of the penalty. *Id.* at ¶ 28. Ordinarily, assessing the gravity or seriousness of the offense requires a fact-based inquiry into "the harm caused or threatened to the victim or society" and "the culpability of the offender." *Id.* at ¶ 29 (quoting *Wells-Yates*, ¶ 12). But when an offense is per se grave or serious — meaning it is "grave or serious in every potential factual scenario" — the court may skip the first step of the abbreviated proportionality review and proceed directly to the harshness of the penalty. *Wells-Yates*, ¶¶ 13, 63. In assessing the harshness of the penalty, we must take into account both the length of the sentence and parole eligibility.

*Id.* at ¶ 14. If this abbreviated proportionality review does not give rise to an inference of gross disproportionality, no further analysis is required, and the proportionality challenge fails. *Id.* at ¶¶ 8, 18.

¶ 13     Lopez pleaded guilty to first degree assault (causing serious bodily injury by means of a deadly weapon). *See* § 18-3-202(1)(a). At the time, that crime had been deemed a per se grave or serious offense. *See People v. Gee,* 2015 COA 151, ¶ 60; *People v. Oldright,* 2017 COA 91, ¶ 14. But *Wells-Yates* "called into question all pre-existing per se designations apart from those it identified as satisfying the new definition of per [se] grave or serious." *People v. Crawley,* 2024 COA 49, ¶ 18. While no published opinion has addressed whether first degree assault under section 18-3-202(1)(a) remains a per se grave or serious offense after *Wells-Yates,* a division of this court has held that extreme indifference first degree assault under section 18-3-202(1)(c) does. *Duran,* ¶¶ 3, 33-36.

¶ 14     We conclude that subsection (1)(a) first degree assault is likewise per se grave and serious. That offense, "by its nature, . . . involves violence." *Gee,* ¶ 60. Its elements include an intent to cause serious bodily injury, the use of a deadly weapon, and serious bodily injury to the victim. § 18-3-202(1)(a); *Oldright,* ¶ 14; *see also*

6

*Duran*, ¶ 35 (noting that "serious bodily injury" is "grave harm"). And the legislature has designated it as a crime of violence and an extraordinary risk crime. *See Duran*, ¶ 35; § 18-3-202(2)(c); § 18-1.3-406(2)(a)(II)(C); § 18-1.3-401(10)(b)(XII). Thus, "[t]he statutory elements of [subsection (1)(a) first degree assault] ensure that, regardless of the facts and circumstances involved, a defendant who stands convicted of . . . such offense will have committed a crime that is necessarily grave or serious." *Wells-Yates*, ¶ 65.

¶ 15 Because Lopez's offense is per se grave or serious, we proceed directly to the harshness of the penalty. *See id.* at ¶ 13. Lopez's twenty-one-year sentence was in the middle of the statutory range. *See* § 18-3-202(1)(a); § 18-1.3-401(1)(a)(V)(A.1), (8)(a)(I), (10)(a), (b)(XII); § 18-1.3-406. And he will be eligible for parole after serving seventy-five percent of that sentence, *see* § 17-22.5-403(2.5)(a), C.R.S. 2025, potentially shortening his actual period of confinement for this offense to approximately sixteen years (or less, depending on any earned time granted under section 17-22.5-405, C.R.S. 2025). *See Wells-Yates*, ¶ 14. Given the gravity of Lopez's offense, this sentence does not raise an inference of gross disproportionality. *See id.* at ¶ 5 ("It is 'exceedingly rare' for a sentence to be deemed so

7

extreme that it is grossly disproportionate to the crime.") (citation omitted). We therefore affirm the denial of this claim.[2]

## C. Ineffective Assistance of Counsel

¶ 16 Lopez next argues that the district court erred by denying his claims that his counsel provided ineffective assistance by (1) failing to interview witnesses; (2) failing to exercise due diligence in preparing for trial; (3) pressuring him to plead guilty; (4) failing to visit him in custody before trial; and (5) failing to find and provide mitigating information for plea negotiations. He also contends that the cumulative effect of these alleged deficiencies prejudiced him.[3]

---

[2] Because we conclude that Lopez's sentence does not give rise to an inference of gross disproportionality, we do not address the People's argument that Lopez's proportionality challenge is barred by section 18-1-409(1), C.R.S. 2025, because his sentence is within the range to which he stipulated in the plea agreement.

[3] Lopez does not reassert his claims that his counsel provided ineffective assistance by failing to (1) challenge the pretrial identification; (2) file motions; (3) advise Lopez throughout the case; (4) comply with counsel's duty of loyalty; (5) provide or review discovery; (6) investigate the habitual criminal counts; and (7) advise Lopez about his right to testify. Nor does he appeal the denial of his claim that the Department of Corrections failed to apply proper time credits. These claims are all abandoned. *See People v. Osorio*, 170 P.3d 796, 801 (Colo. App. 2007).

8

¶ 17     We conclude that the district court correctly denied Lopez's ineffective assistance of counsel claims without a hearing.

### 1.    Legal Standard

¶ 18     To prevail on a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Under the first prong of this test, the defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. Under the second prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

¶ 19     When a defendant pleaded guilty, the defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also People v. Sifuentes*, 2017 COA 48M, ¶ 20. To meet this burden, the defendant must establish that rejection of the plea "would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

¶ 20    An ineffective assistance claim may be denied without a hearing if the defendant's allegations fail to satisfy either prong of the *Strickland* test.  *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

### 2.    Failure to Interview Witnesses

¶ 21    Lopez alleged that his counsel failed to interview any of the lay witnesses in the case, including the victim.  He alleged that the witness accounts were conflicting on critical issues like "who had a gun, who shot a gun, [and] the victim's conduct leading up to the shooting."  He also alleged that interviews of these witnesses were critical to his possible defenses at trial and to his ability to make knowing and intelligent decisions about whether to testify and whether to go to trial.  The district court denied the claim on the grounds that (1) disagreement as to trial strategy cannot support an ineffective assistance claim, and (2) the allegations were conclusory.

¶ 22    To the extent the district court denied the claim because it concerned trial strategy, we disagree.  Nothing in the record clearly establishes that Lopez's counsel made a "strategic" decision not to interview any lay witnesses, including the victim, or that such a decision would have been reasonable under the circumstances of this case.  *See Ardolino*, 69 P.3d at 77 ("If a criminal defendant has

10

alleged acts or omissions by counsel that, if true, could undermine confidence in the defendant's conviction or sentence, and the motion, files, and record in the case do not clearly establish that those acts or omissions were reasonable strategic choices or otherwise within the range of reasonably effective assistance, the defendant must be given an opportunity to prove they were not.").

¶ 23    Nevertheless, we agree with the district court that Lopez's claim was bare and conclusory. *See People v. Venzor*, 121 P.3d 260, 262 (Colo. App. 2005) (noting that a Crim. P. 35(c) motion may be denied without a hearing "if the claims are bare and conclusory in nature[] and lack supporting factual allegations"). Although Lopez alleged that the witness accounts were "many and conflicting," he did not identify those witnesses, their conflicting statements, or how they would have supported his defense at trial. *See People v. Zuniga*, 80 P.3d 965, 973 (Colo. App. 2003) (affirming denial of a Crim. P. 35(c) motion without a hearing where the defendant did not "explain[] what additional investigation counsel should have done, what the results of those efforts would have been, and how they would have affected the outcome of the case").

11

¶ 24    Nor did Lopez allege how interviewing these witnesses would have caused him not to plead guilty and to insist on going to trial. *See Hill*, 474 U.S. at 59.  At most, he asserted that the interviews would have allowed him to make a "knowing and intelligent" decision about *whether* to plead guilty.  But he does not allege that his decision would have been different — or why.  To the extent Lopez makes such an assertion on appeal, it is too late.  *See People v. Rodriguez*, 914 P.2d 230, 251 (Colo. 1996) (rejecting the defendant's "attempts to use his brief on . . . appeal to fortify a number of issues inadequately raised or supported by his [postconviction] motion"); *see also People v. Goldman*, 923 P.2d 374, 375 (Colo. App. 1996) ("Allegations not raised in a Crim. P. 35(c) motion . . . are not properly before this court for review.").

### 3.    Failure to Exercise Due Diligence

¶ 25    Lopez next alleged that his counsel failed to "perform due diligence" by not investigating Lopez's case or preparing for trial, which resulted in counsel "bombard[ing]" Lopez with a "last-minute plea on the eve of trial."  Lopez further alleged that if counsel had prepared the case for trial, this "last-minute advisement and plea

12

would not have happened." Again, the district court denied this claim as implicating trial strategy and as conclusory and vague.

¶ 26    A criminal defendant is entitled to a pretrial investigation that is sufficiently thorough "to develop potential defenses and uncover facts relevant to guilt and punishment." *People v. Davis*, 849 P.2d 857, 861 (Colo. App. 1992), *aff'd*, 871 P.2d 769 (Colo. 1994). Defense counsel therefore "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691.

¶ 27    Lopez's allegations that his counsel "did not investigate" and "failed to properly prepare his case for trial" are conclusory. He does not specify what his counsel failed to investigate or what else should have been done to prepare. *See Zuniga*, 80 P.3d at 973.

¶ 28    Moreover, the record refutes Lopez's only claim of prejudice — that the "last-minute advisement and plea would not have happened." As the district court noted, the prosecution re-extended the original plea offer just before trial, and Lopez's counsel promptly presented it to him. Lopez did not allege that he would have rejected the offer at that point if his counsel had been better prepared, only that he would not have felt "bombarded." Such an

13

allegation is insufficient to show that "the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### 4. Pressure to Accept Plea Offer

¶ 29     Lopez alleged that his counsel, having failed to prepare for trial, contacted Lopez's family to pressure him to plead guilty. He asserted that, as a result, he could not make an informed decision about whether to accept the plea offer or go to trial and therefore "did not enter a truly knowing and voluntary plea of guilty."

¶ 30     But pressure alone does not invalidate a guilty plea. *See People v. McCormick*, 881 P.2d 423, 427 (Colo. App. 1994) (explaining that the "desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities" does not render a guilty plea invalid). Of course, a plea is invalid when it is obtained by "actual or threatened physical harm or by mental coercion overbearing the will of the defendant." *Brady v. United States*, 397 U.S. 742, 750 (1970). But Lopez did not allege in his motion any coercion by his counsel or his family rising to this level.

¶ 31     Indeed, at the providency hearing, Lopez unequivocally affirmed that he was entering his guilty plea knowingly and voluntarily. While such a representation does not necessarily

14

foreclose a challenge to the validity of a guilty plea, *see People v. Morones-Quinonez*, 2015 COA 161, ¶ 17, such statements "carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *See also People v. Canody*, 166 P.3d 218, 220 (Colo. App. 2007) (concluding that the defendant's declarations "plainly refute[d] [his] conclusory allegations" that the plea was coerced). Lopez did not make any allegations of *improper* pressure that would overcome his statements to the contrary at the providency hearing.

### 5. Failure to Visit Before Trial

¶ 32 Lopez alleged that after he was transferred from the jail to the Department of Corrections (DOC), his counsel did not visit him until the night before trial, when counsel advised Lopez to plead guilty. Lopez alleged that "because of this, [he] felt ambushed on the eve of trial and was unable to make informed decisions about his case."

¶ 33 Lopez was transferred to the DOC about a month and a half before his trial was scheduled to begin. Lopez does not explain, through specific factual allegations, how additional visits by counsel during this period would have caused him not to plead guilty. *See Hill*, 474 U.S. at 59. Nor does he allege that his counsel failed to

15

adequately communicate with him in the five months *before* his transfer to the DOC. Again, such bare and conclusory allegations concerning counsel's supposed ineffective assistance "are insufficient to demonstrate that a defendant may be entitled to postconviction relief." *People v. Phipps*, 2016 COA 190M, ¶ 36.

### 6.    Mitigation for Plea Negotiations

¶ 34    Lopez claims that his counsel provided ineffective assistance in plea negotiations because, "[b]y failing to investigate," he was unable to "provide mitigating information to the prosecution" that could have resulted in "leniency and a reasonable plea bargain."

¶ 35    A defendant's right to effective assistance of counsel extends to the plea bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). But again, the district court correctly rejected this claim because the allegations — consisting of two sentences — were too conclusory to warrant a hearing. *See Venzor*, 121 P.3d at 262.

¶ 36    Not only did Lopez fail to identify what investigation counsel should have undertaken or what information might have been uncovered, but he also did not allege any facts to support his assertion that such information might have led to a more favorable plea offer. He did not allege, for example, what evidence could have

16

been presented or why it would have prompted the prosecution to show him more leniency. Indeed, the record suggests that the prosecution likely would *not* have changed its offer. The offer was the same as the one the prosecution had previously withdrawn, and the prosecution explained at the providency and sentencing hearings that it had intended to go to trial and seek habitual convictions before re-extending the original offer. Lopez's motion contained no allegations to suggest that unspecified "mitigating information" would have led the prosecution to improve that offer.

### 7. Cumulative Effect

¶ 37 Lopez finally contends that, even if none of his ineffective assistance of counsel claims independently establish prejudice, the cumulative effect of counsel's errors does. *See People v. Gandiaga*, 70 P.3d 523, 529 (Colo. App. 2002) ("[P]rejudice may result from the cumulative impact of multiple attorney errors . . . ."). We disagree.

¶ 38 Lopez's allegations of deficient performance were largely, if not entirely, conclusory. But even assuming some of the allegations were sufficient, "the assumed or actual errors of counsel . . . were neither so numerous nor so prejudicial" as to indicate that, but for

17

those errors, Lopez would not have pleaded guilty and would have insisted on going to trial. *Id.*; *see also Hill*, 474 U.S. at 59.

### III. Disposition

¶ 39 The order is affirmed.

JUDGE DUNN and JUDGE BROWN concur.