23CA1774 Peo v Pospisil 02-19-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1774
Jefferson County District Court No. 18CR1310
Honorable Tamara S. Russell, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Eric Pospisil,

Defendant-Appellant.

ORDER AFFIRMED

Division III
Opinion by JUDGE DUNN
Moultrie and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 19, 2026

Philip J. Weiser, Attorney General, Majid Yazdi, Senior Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

James West, Alternate Defense Counsel, Longmont, Colorado, for Defendant-
Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1 Defendant, Eric Pospisil, appeals the postconviction court's order denying his Crim. P. 35(c) motion without a hearing. We affirm the order.

## I. Background

¶ 2 Pospisil shot his girlfriend in the head, fled the scene, and later burned the car he used to flee. Pospisil's girlfriend suffered a severe brain injury.

¶ 3 A jury found Pospisil guilty of attempted second degree murder, first degree assault, first degree aggravated motor vehicle theft, and tampering with physical evidence. The district court sentenced Pospisil to an aggregate thirty-two years in prison.

¶ 4 Pospisil appealed his conviction, and a division of this court affirmed. *People v. Pospisil,* (Colo. App. No. 19CA0583, July 15, 2021) (not published pursuant to C.A.R. 35(e)).

¶ 5 Pospisil later sought a sentence reduction under Crim. P. 35(b). The postconviction court denied the motion.

¶ 6 Pospisil then filed a pro se Rule 35(c) motion, alleging that his trial counsel had provided ineffective assistance by (1) convincing him to reject a plea agreement with a potential sentence of ten to thirty-two years and (2) "waiving any claim" that a special jury had

1

to make a factual finding regarding "the presence of a deadly weapon and/or serious bodily injury." The postconviction court denied Pospisil's motion without an evidentiary hearing.

¶ 7 Pospisil now appeals only the denial of his claim that his trial counsel was ineffective by convincing him to reject a plea deal and proceed to trial.[1]

## II. Standard of Review and Applicable Law

¶ 8 We review de novo a postconviction court's denial of a Rule 35(c) motion without an evidentiary hearing. *People v. Cali*, 2020 CO 20, ¶ 14.

¶ 9 To warrant a hearing on a Rule 35(c) motion, a defendant must allege facts that, if true, entitle him to relief. *People v. Joslin*, 2018 COA 24, ¶ 4. A postconviction court may deny a Rule 35(c) motion without an evidentiary hearing if (1) the allegations are bare and conclusory; (2) the allegations, even if true, do not warrant relief; or (3) the record directly refutes the allegations. *People v. Duran*, 2025 COA 34, ¶ 15.

---

[1] Because Pospisil does not reassert his remaining ineffective assistance of counsel claim, we deem it abandoned. *See People v. Villarreal*, 231 P.3d 29, 32 n.1 (Colo. App. 2009), *aff'd*, 2012 CO 64, *and abrogated on other grounds by*, *Hagos v. People*, 2012 CO 60.

¶ 10    A defendant has a constitutional right to effective assistance of counsel. U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16. To prevail on an ineffective assistance claim, a defendant must establish that (1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced him, meaning there is a reasonable probability that, but for counsel's errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If a defendant fails to prove either the performance or prejudice prong, the court may resolve the claim on that basis alone. *Id.* at 697.

¶ 11    A defendant's constitutional right to effective representation extends to the plea-bargaining process. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To establish deficient performance in the plea context, a defendant must show that counsel's advice deprived him of the opportunity to make a reasonably informed decision whether to accept or reject a plea offer. *People v. Delgado*, 2019 COA 55, ¶ 17; *see People v. Corson*, 2016 CO 33, ¶ 35 (noting that the performance prong under *Strickland* "is no different in the plea setting"). To establish prejudice based on a rejected plea offer, a

defendant must demonstrate a reasonable probability that (1) he would have accepted the plea offer; (2) the prosecution would not have withdrawn it in light of intervening circumstances; (3) the court would have accepted its terms; and (4) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that were imposed. *Delgado*, ¶ 21.

¶ 12 We broadly construe pleadings filed by unrepresented litigants "to ensure that they are not denied review of important issues because of their inability to articulate their argument like a lawyer." *Jones v. Williams*, 2019 CO 61, ¶ 5. But we will not rewrite an unrepresented party's pleadings or act as their advocate. *Cali*, ¶ 34.

### III. Analysis

¶ 13 Pospisil contends that he alleged sufficient facts to entitle him to an evidentiary hearing on his claim regarding trial counsel's inadequate plea advice. We disagree.

¶ 14 In his motion, Pospisil alleged only that the prosecution "tendered a plea agreement" with a sentence of ten to thirty-two years and that he "was very much inclined to take the deal," but his

trial counsel "vehemently suggested that [Pospisil] not take the plea"; that a trial victory was "basically a foregone conclusion"; and that even if he lost at trial, he would "give it all back on appeal."[2]

¶ 15    But nothing in these conclusory allegations, even if true, shows deficient performance.  That is, Pospisil doesn't allege that trial counsel failed to convey a plea offer to him.  *See People v. Perry*, 68 P.3d 472, 477 (Colo. App. 2002) (adopting rule that failure to convey plea offer is deficient performance).  He doesn't allege that counsel misrepresented the terms of the plea offer or misadvised him about the advantages or disadvantages of the alleged offer.  *See Delgado*, ¶ 17 ("Failure to correctly advise a defendant about his sentencing exposure deprives the defendant of the opportunity to make a reasonably informed decision whether to accept or reject an offer and constitutes deficient performance under *Strickland*.").  And he doesn't allege that trial counsel precluded him from accepting the plea offer or coerced him to reject it.  *See People v. Lopez*, 2025 COA 73, ¶ 30 ("[A] plea is invalid when it is obtained by 'actual or

---

[2] The alleged plea offer is not in the record, and other than a broad sentencing range, Pospisil fails to allege facts about its purported terms.

threatened physical harm or by mental coercion overbearing the will of the defendant.'" (quoting *Brady v. United States*, 397 U.S. 742, 750 (1970))).

¶ 16    Instead, Pospisil alleges only that counsel advised against accepting the plea offer and wrongly assessed the chances of success at trial. But "an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance." *Lafler*, 566 U.S. at 174; *see also People v. Zuniga*, 80 P.3d 965, 973 (Colo. App. 2003) ("[A]bsent a showing of a deliberate misrepresentation that induced a defendant's guilty plea, counsel's erroneous assessment concerning sentencing does not constitute ineffective assistance of counsel.").[3]

¶ 17    And even if the Rule 35(c) motion alleged sufficient facts to show deficient performance, it failed to sufficiently allege prejudice. Specifically, the motion did not allege facts to demonstrate a reasonable probability that the prosecution would not have

---

[3] Pospisil now asserts that the record supports "the notion that [trial counsel] may have told him that a trial could not result in more jail time" and that counsel misadvised Pospisil "about the collateral consequences of a plea." But that is not alleged in the Crim. P. 35(c) motion, and we don't consider allegations not raised in the motion. *See People v. Huggins*, 2019 COA 116, ¶ 17.

withdrawn the alleged offer; that the court would have accepted its terms; and that, most critically, the conviction or sentence, or both, under the offer's terms *would have* been less severe than under the judgment and sentence that were imposed. *See Delgado*, ¶ 21; *Lafler*, 566 U.S. at 164. The most the Rule 35(c) motion alleged was that the prosecution extended a plea offer — to an unidentified charge or charges — with a sentencing range that included the sentence Pospisil ultimately received. Though it baldly alleged that the "outcome would have been different" had Pospisil not gone to trial and "been given the maximum sentence," it alleged no facts to show that he *would have* received a shorter sentence under the purported plea offer, or even that a shorter sentence was reasonably likely.

¶ 18     And while Pospisil now asserts that he "may have received a shorter sentence if he had pleaded guilty" and that "he certainly would not have ended up with a verdict for multiple counts including one that extended his parole eligibility date by years," these allegations appear nowhere in the Rule 35(c) motion. We therefore will not consider them. *See People v. Huggins*, 2019 COA 116, ¶ 17.

¶ 19 For all these reasons, we agree with the postconviction court that the allegations in the Rule 35(c) motion "are bare and conclusory and fail to allege any specific facts that, even if true, would provide a basis for relief."[4]

## IV. Disposition

¶ 20 The order is affirmed.

JUDGE MOULTRIE and JUDGE HAWTHORNE concur.

---

[4] We agree with Pospisil on one point: a defendant is not required to present evidence to obtain a hearing under Rule 35(c). And to the extent anything in the postconviction court's order suggested otherwise, the court erred. But as we have already discussed, the postconviction court correctly denied the request for a hearing because the allegations in the Rule 35(c) motion are bare and conclusory.