25CA1602 Peo in Interest of AC 04-23-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA1602
Mesa County District Court No. 23JV55
Honorable Craig P. Henderson, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of A.C., a Child,

and Concerning M.C.,

Appellant.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE MOULTRIE
Dunn and Harris, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 23, 2026

---

Todd M. Starr, County Attorney, John Rhoads, Assistant County Attorney, Grand Junction, Colorado, for Appellee

Josie Burt, L. Guardian Ad Litem

Patrick R. Henson, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant

¶ 1    In this dependency and neglect proceeding M.C. (father) appeals from the denial of his C.R.C.P. 60 motion to set aside the judgment adjudicating A.C. (the child) dependent and neglected. We affirm the judgment.

## I.    Background

¶ 2    The Mesa County Department of Human Services filed a petition in dependency and neglect regarding the then-four-year-old child, alleging concerns about the parents' substance dependence, domestic violence, and the child not being clean and properly cared for. Following a mediation, father, who was represented by counsel, signed a stipulation for adjudication and disposition, admitting that the child experienced an injurious environment. Father agreed that he had been advised of his rights and that he had knowingly and voluntarily waived those rights by entering into the stipulation. The juvenile court accepted the stipulation in October 2023.

¶ 3    At the next hearing, in December 2024, father's counsel requested an ex parte hearing on the question of whether she had a conflict of interest that required her to withdraw. Initially, father told the court he didn't have a problem and wanted his counsel to continue to represent him. But when his counsel informed the

court that father had accused her of coercing him into signing the stipulation, the juvenile court allowed counsel to withdraw. Father then elected to represent himself. At a later hearing the juvenile court appointed a guardian ad litem (GAL) for father, stating that it was "concerned" that he did not "really understand[] what we're doing here." After talking with father, his GAL informed the court that he believed it was in father's best interests that he be appointed counsel. Over father's objections, the court appointed second counsel in March 2024.

¶ 4    More than a year later, in July 2025 — after the court had scheduled a hearing on the Department's motion to terminate parental rights — father filed a motion for relief from judgment under C.R.C.P. 60(b)(5), alleging that he was "essentially forced" into signing the stipulation for adjudication and disposition by his "former attorney and possibly others." Father acknowledged that his Rule 60(b)(5) motion was made "long after the adjudication entered" but asserted that the untimeliness was solely the fault of his second counsel.

¶ 5    The juvenile court denied father's Rule 60(b)(5) motion because it was untimely and because father hadn't alleged facts

that would lead the court to believe that father had been "duped" into signing the stipulation.

## II.    Applicable Law

¶ 6    A party seeking Rule 60(b) relief bears the burden of establishing grounds for such relief by "clear, strong, and satisfactory proof." *Centennial Bank of the W. v. Taylor*, 143 P.3d 1140, 1141 (Colo. App. 2006). Rule 60(b)(5) is a residuary clause that applies only to extreme situations or extraordinary circumstances not covered by the preceding clauses. *See Davidson v. McClellan*, 16 P.3d 233, 237 (Colo. 2001); *see also In re Adoption of P.H.A.*, 899 P.2d 345, 346 (Colo. App. 1995) (Rule 60(b)(5) isn't applicable to requests for relief from judgment based on fraud or misrepresentation). A party requesting relief based on Rule 60(b)(5) must do so within a reasonable time. C.R.C.P. 60(b).

¶ 7    We review a decision denying relief under Rule 60(b)(5) for an abuse of discretion. *See SR Condos., LLC v. K.C. Constr., Inc.*, 176 P.3d 866, 868 (Colo. App. 2007); *State Farm Mut. Auto. Ins. Co. v. McMillan*, 925 P.2d 785, 790 (Colo. 1996). The court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair. *SR Condos.*, 176 P.3d at 868.

### III. Analysis

#### A. Father's Rule 60(b)(5) Motion Was Untimely

¶ 8    The court noted that father signed a "clear and comprehensive stipulation" and was represented by counsel at the time of signing. It further noted that by the time he filed his Rule 60(b)(5) motion, father had been represented by a second counsel and had a GAL representing his interests for more than a year. In sum, the court found the passing of 645 days between the adjudication and the filing of the motion "was not reasonable" and "would certainly undercut the finality of the adjudication."

¶ 9    Father argues that his motion was timely because he alerted the court to the fact that the stipulation might not have been voluntary during the hearing where his first counsel sought to withdraw. We acknowledge that father's first counsel informed the court about father's belief that he had been coerced to enter into the stipulation. But to the extent father asserts that this exchange somehow made the nearly-twenty-two-month delay in filing his Rule 60(b)(5) motion reasonable, he doesn't explain how. *See Woodbridge Condo. Ass'n, Inc. v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 44 (declining to consider undeveloped and conclusory

4

contentions of error made without supporting argument). Rather, this exchange shows that father was aware of the basis of his motion at or near the time he signed the stipulation and thus makes the delay less reasonable. *Cf. In re Marriage of Smith*, 928 P.2d 828, 829-30 (Colo. App. 1996) (concluding the party's motion to vacate judgment entered twenty-two months earlier was filed within a reasonable time because the party was not present when the judgment entered and she immediately moved to vacate after becoming aware of it).

¶ 10    Father also argues that the court erred by faulting him for the untimely motion when second counsel "explicitly took blame" for the delayed filing. We conclude any error was harmless, because, as we discuss next, father hasn't demonstrated that he was entitled to relief. *See People In Interest of M.H-K.*, 2018 COA 178, ¶ 21 (under the harmless-error standard, reversal is required only if the error prejudiced a party's substantial rights).

   B.    Father Didn't Establish That He Was Entitled To Relief

¶ 11    The juvenile court also denied father's motion because it found that his allegations didn't "rise to the extraordinary circumstances needed for the court to vacate the adjudication." *Borer v. Lewis*, 91

P.3d 375, 379 (Colo. 2004) ("clear and convincing" proof is equivalent to "clear, strong, and satisfactory proof" for purposes of a Rule 60(b) request for relief from judgment).

¶ 12    On appeal, father asserts that the "record as a whole" demonstrates that he didn't "voluntarily, knowingly, and intelligently" enter into the stipulation.  In support of this assertion, he again references his statements at the December 2024 hearing that he was "coerced" and argues that the court's appointment of a GAL and second counsel for him, over his objection, demonstrates that he was unable to understand the proceedings.  We aren't persuaded.

¶ 13    Father's Rule 60(b)(5) motion didn't provide specific facts explaining why his stipulation was involuntary or why he purportedly didn't understand the proceedings.  Nor did the motion detail the actions that his former counsel took that resulted in father feeling coerced into signing the stipulation.  *Cf. People v. Lopez*, 2025 COA 73, ¶ 31 (defendant's conclusory allegations that he was coerced into entering a guilty plea were not sufficient to warrant a hearing).  Likewise, to the extent father argues that second counsel's delay in filing the motion was itself an extreme

situation or extraordinary circumstance warranting relief under Rule 60(b)(5) he doesn't explain why. In sum, father's allegations that he is entitled to relief are therefore conclusory.

C.  Juvenile Court's Discussion of Ineffective Assistance

¶ 14    Lastly, father asserts that the juvenile court misconstrued his arguments by analyzing whether his first counsel was ineffective. But father doesn't explain how the court's discussion, even if it missed the mark, made his motion timely or affected whether he had sufficiently alleged, much less provided clear, strong, and satisfactory proof, that he was entitled to relief. Accordingly, we don't address the argument further. *See* C.R.C.P. 61 (an error is harmless when it does not affect the substantial rights of the parties); *People in Interest of C.C.*, 2022 COA 81, ¶ 20 ("An error affects a substantial right only if it can be said with fair assurance that the error substantially influenced the outcome of the case or impaired the basic fairness of the trial itself.").

¶ 15    Based on the foregoing, we conclude that the juvenile court didn't abuse its discretion by denying father's motion for relief from judgment.

## IV. Disposition

¶ 16    We affirm the judgment.

JUDGE DUNN and JUDGE HARRIS concur.